ALEXANDER *v.* MORTGAGE CO. OF SCOTLAND, Limited, *et al.*

(*Circuit Court, S. D. Georgia, W. D.*   June, 1891.)

1. TRUST—CONVEYANCE TO CREDITORS—ENFORCEMENT.
   Where a state statute provides that a deed made by a debtor, conveying lands to secure the payment of his debts, shall convey the title, but provides also that the creditor shall reconvey to the debtor on the payment of the debt, by such a deed a trust for the benefit of both parties is created for the purposes specified, which trust, in a proper case, is within the cognizance of a court of equity.

2. SAME—RECONVEYANCE—LIEN.
   Although the state statute provides that after judgment at common law the creditors taking such a deed may file a reconveyance to the debtor in the clerk's office of the superior court of the state, and thus create a lien against the land superior to any other judgment or incumbrance whatever, this proceeding will have no such effect in a court of law of the United States, and a creditor seeking to assert the superior lien created by the trust-deed must proceed in equity.

**3. EQUITY—VACATING JUDGMENT.**

A bill brought by a third party, holding an equitable title to the land so conveyed, and also claiming under an execution sale antedating the judgment above described, seeking to have said judgment declared a nullity, and to enjoin the marshal from dispossessing him thereunder, will not be dismissed on demurrer.

**4. BILL OF DISCOVERY—INTERROGATORIES.**

Interrogatories in the bill seeking to compel respondents to make discovery, and annex copies of correspondence with persons not parties, for the purpose of developing the system by which they carried on the business of loaning money, are improper, and should be stricken out.

In Equity. Bill by George Alexander against the Mortgage Company of Scotland, Limited, and others, to establish title to real estate.

*A. O. Bacon* and *Mr. Kiddoo*, for plaintiff.

*W. E. Simmons* and *Gustin Guerry & Hall*, for defendants.

SPEER, J. This is a bill in equity, brought by George Alexander against the respondents who are named in the bill, one of whom is the late marshal of this court. The plaintiff seeks to assert his title to a valuable plantation in Quitman county, and to enjoin the marshal from ousting him of possession. This he alleges that he has held from a date long anterior to the date of the judgment and the sale. The title of the plaintiff rests upon the following statement: He was a minor, and the ward of a Dr. Burnett. On the death of Dr. Burnett, his administrator ascertained the amount due the plaintiff, and paid it over to W. T. Alexander, who succeeded to the guardianship. W. T. Alexander, receiving that sum, appropriated it to the purchase of the plantation in question, but, instead of taking the deed in the name of the plaintiff, took it in his own name and for himself. The plaintiff insists that W. T. Alexander held the title to the plantation as trustee for him, and that he is therefore entitled to its undisturbed ownership and enjoyment. He claims further that, having brought suit for a settlement against Alexander in the court of ordinary of Quitman county, which has jurisdiction of such questions, he obtained a judgment for the amount due to him from his guardian. Execution having been issued upon that judgment, the plaintiff sold such rights as W. T. Alexander had in the premises in question, and bought in the property himself, crediting the proceeds of the sale upon the amount due from Alexander to himself on the judgment against the latter as guardian. The plaintiff further insists that Alexander, while he held nominally the title to this property, borrowed money on it from the respondent, the Mortgage Company, and at the time, but before the contract or lien was executed, the plaintiff gave express notice to the agents of the Mortgage Company, who were negotiating the loan, that the land did not belong to W. T. Alexander, but was the property of the plaintiff; and they therefore had actual notice both of his equitable and his legal title. Upon the loan and the notes executed in evidence thereof, suit was brought in this court at common law, and judgment against W. T. Alexander obtained thereon, and the lien declared to exist in accordance with the statute of Georgia, as set out in sections 1969–1971 of the Code, which provide as follows:

"Whenever any person in this state conveys any real property by deed to secure any debt to any person loaning or advancing said vendor any money, or to secure any other debt, and shall take a bond for titles back to said vendor upon the payment of such debt or debts, or shall in like manner convey any personal property by bill of sale, and take an obligation binding the person to whom said property was conveyed to reconvey said property upon the payment of said debt or debts, such conveyances of real or personal property shall pass the title of said property to the vendee, provided that the consent of the wife has been first obtained, till the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts of this state to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured, agreeably to the terms of the contract, and not a mortgage. (*a*)"

Section 1970:

"When any judgment shall be rendered in any courts of the state upon any note or any other evidence of debt, which such conveyance of realty was made and intended to secure, it shall be and may be lawful for the vendee to make and file, and have recorded in the clerk's office of the superior court of the county wherein the lands lie, a good and sufficient deed of conveyance to the defendant for said land; and if the said obligor be dead, then his executor or administrator may in like manner make and file such deed without obtaining an order of the court for that purpose, whereupon the same may be levied on and sold under said judgment as in other cases: provided, that the said judgment shall take lien upon the land prior to any other judgment or incumbrance against the defendant (*b*)"

The lien created by this statute is effective from the date of the contract of loan itself, and the deed made to secure the loan in accordance with the statute. The judgment, therefore, in this case, is not like an ordinary judgment at common law, which would have priority from the date of its rendition; but the power of the court has been invoked and exercised to define and enforce a lien long antedating the judgment, and corresponding in date with the contract between W. T. Alexander and the loan company. Now, it is to that lien, and to its priority in legal effect to the title which the plaintiff insists he bought at the sale under judgment from the ordinary's court, that the plaintiff makes objection. He insists that this court had no jurisdiction to define or enforce such lien at common law; that the proceeding to enforce it is in itself an equitable proceeding; and it being true, as he insists, that the province of equity and law are entirely distinct and separate in the courts of the United States, that the court of common law was not authorized to grant the judgment, as was done in this case.

The defendant has interposed several grounds of demurrer. They are: (1) There is no equity in the bill; (2) there is no cause of action against the respondents; (3) there is no right to recover against the respondents. The court has heard the argument upon the demurrer, and has reached the conclusion that, so far as this demurrer is concerned, it must be determined by the decision whether or not the court had jurisdiction at law to declare and enforce a lien which antedates and is superior to the plaintiff's title under the sale from the ordinary's court, and which would therefore defeat the plaintiff.

*First.* Is it competent to attack the judgment collaterally? In the case of *Morris* v. *Gilmer*, 129 U. S. 325, 9 Sup. Ct. Rep. 289, Mr. Justice HARLAN, for the court, declares:

"The rule is inflexible, and without exception, * * * which requires this court of its own motion to deny its own jurisdiction, and, in the exercise of appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the records come. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relations of the parties to it. *King Bridge Co.* v. *Otoe Co.*, 120 U. S. 225, 7 Sup. Ct. Rep. 552; *Grace* v. *Insurance Co.*, 109 U. S. 278, 3 Sup. Ct. Rep. 207; *Blacklock* v. *Small*, 127 U. S. 96–105, 8 Sup. Ct. Rep. 1096."

This may be done, also, at any time when a court of the United States has in its action exceeded the powers granted in the law of its organization. *Ex parte Lange*, 18 Wall. 163; *Thomas* v. *Mortgage Co.*, 47 Fed. Rep. ——, and cases cited. When a third party's rights are injuriously affected by the void judgment, the question may be raised at any time, not only under the doctrine discussed, but on the general doctrine that if a judgment be a nullity it may be attacked at any time by the party whose rights are affected by it.

Now, does it appear from the record that the court at common law was without jurisdiction to enforce the lien of the Mortgage Company against W. T. Alexander? Upon that subject it appears to us that the case of *Van Norden* v. *Morton*, in 99 U. S. 380, is conclusive. "We think the rule is settled in this court," says Mr. Justice MILLER for the court, "that whenever a new right is granted by the statute, or new remedy for violation of an old right, or whenever such rights and remedies are dependent upon state statutes or acts of congress, the jurisdiction of such cases, as between the law side and the equity side of the federal courts, must be determined by the essential character of the case; and, unless it comes within some of the recognized heads of equitable jurisdiction, it must be held to belong to the other." The supreme court, in *Jones* v. *McMasters*, 20 How. 22, Mr. Justice NELSON rendering the decision, observes, also, that this principle is fundamental in these courts, and cannot be departed from. "The court, therefore, in a suit at law, should exclude the hearing and determination of all questions that belong appropriately and exclusively to the jurisdiction of a court of equity. In a case calling for the interposition of this court, and turning upon equitable considerations, relief should be sought by bill in equity." In that case the court had under consideration the practice in the courts of Texas, where as in Georgia the proceedings in law and equity may be blended. In case of *Thompson* v. *Railroad Cos.*, 6 Wall. 137, it is declared that—

"The remedies in the courts of the United States are at common law or in equity, not according to the practice of state courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles. And although the forms of proceedings and practice in the state courts shall have

been adopted in the circuit court of the United States, yet the adoption of the state practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit."

See, also, *Willard* v. *Wood*, 135 U. S. 314, 10 Sup. Ct. Rep. 831.

It remains, therefore, merely to determine whether to adjudge and enforce a lien upon real property, a lien which divests the title of the defendant, and gives to the plaintiff the prior right over any and all other parties whomsoever, but when there is a trust resulting to the defendant, is an equitable proceeding and the application of equitable principles. The enforcement of such liens is peculiarly a branch of equity jurisdiction. This is true of trust-deeds in the nature of a mortgage. Adams, Eq. (5th Amer. Ed.) p. 126. In his great work on Equity Jurisprudence, (volume 2, § 1231,) Mr. Justice Story states the doctrine as follows:

"Indeed, there is generally no difficulty in equity in establishing a lien not only on real estate, but on personal property, or on money in the hands of a third person, wherever that is a matter of agreement, at least against the party himself, and third persons who are volunteers or have notice."

And in Jones on Mortgages (volume 1, § 162) the author observes:

"In addition to these formal instruments, which are properly entitled to the designation of mortgages, deeds, and contracts, which are wanting in one or more of the characteristics of a common-law mortgage, are often used by parties for the purpose of pledging real property or some interest in it as security for a debt or obligation, and with the intention that they shall have effect as mortgages. Equity comes to the aid of the parties in such cases, and gives effect to their intentions."

If the instrument made by W. T. Alexander be equivalent to a common-law mortgage, nevertheless in the United States court it can be enforced in equity only. In that view it would be the creation of a trust-estate, with a trust resulting to the mortgagor on the discharge of the debt. This appears to be substantially the effect of the state statutes quoted above. It is true that the statute declares that the instrument provided for "shall be held by the courts of this state to be an absolute conveyance, with right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured." Code, § 1969. A mortgage at common law is nothing more. *Conard* v. *Insurance Co.*, 1 Pet. 442. The statute further declares that the instrument is "not a mortgage;" but this evidently means a mortgage by the law of Georgia, which does not convey title, and is merely a security for debt. Code, § 1954. Whatever the instrument may be termed by the state statute, or howsoever it may be enforced under the blended practice of the state, a court of the United States cannot fail to perceive in it the creation of a trust for creditor and debtor, the enforcement of which is within the exclusive jurisdiction of equity. Therefore the court having no jurisdiction at law to define the lien, and to enforce it in the manner pointed out by the state statute, to the injury of the plaintiff's rights, the plaintiff is entitled to maintain his bill to have the judgment declared a nullity. This is the main question in the case;

the others are merely incidental. So far as the interrogatories of the plaintiff's bill seek to compel the respondents to make discovery, and annex copies of correspondence with persons not parties, with the purpose to develop the system by which they carried on the business of lending money, the interrogatories are held improper, and are ordered stricken. In all other respects the demurrer is overruled.