GORMULLY & JEFFERY MANUF'G CO. v. BRETZ et al.

(Circuit Court, E. D. Pennsylvania.   December 4, 1894.)

No. 90.

1. INTERROGATORIES.
    Interrogatories should be confined to the matters set up in the bill. and be relevant to the case which it alleges.

2. SAME—CREATION OF CORPORATION.
    Where a bill charges that a corporation is practically the same concern under a corporate organization as a partnership, which partnership is charged with the breach of a certain agreement, and the transfer of such agreement to the corporation, it is permissible to inquire, with the object of connecting the two organizations, into the circumstances connected with the creation of the corporation, and the number of its shares which were acquired by the members of the partnership.

This was a suit by the Gormully & Jeffery Manufacturing Company against Jacob S. Bretz and others.

The bill disclosed that the complainant, an Illinois corporation, was the owner of a number of letters patent relating to the manufacture of bicycles and tricycle structures; that the defendants, being copartners under the

name of Bretz, Curtis & Co., were desirous of using, selling, and importing, and selling to others to be sold and used, bicycles and tricycles, employing in their construction and operation the inventions of one or more of the said letters patent, and securing a license therefor from the complainant; that upon certain considerations the complainant and defendants signed an agreement in which the complainant licensed the said letters patent to defendants, who thereupon covenanted not to thereafter engage in the manufacture of bicycles or tricycle structures, nor in the importation or sale of such structures (except two certain English machines), without the written consent of the complainant. The defendants further agreed to make monthly reports of the number of structures imported and sold, and to pay monthly to complainant, for the use of such structures upon the imported bicycles, the sum of five dollars each. The complainant was to have the privilege of examining the books of defendants, and to call for reports under oath. The defendants also agreed not to transfer the agreement. The sum to be paid complainant was at no time to be less than $1,000 annually. The complainant agreed to defend the defendants from certain suits for patent infringements. The bill further averred that in October, 1890, a few months after signing the said agreement, the said Bretz and Curtis, together with three others, pretended to form a corporation under the laws of Pennsylvania, under the name of Bretz & Curtis Manufacturing Company (since the Curtis-Child Manufacturing Company), for the purpose of manufacturing and dealing in bicycles, etc., and similar articles. Corporate papers were issued to them on October 27, 1890. Of the 500 shares of capital stock, 240 shares were subscribed by Bretz, and the same number by Curtis, the remaining 20 shares being divided among the other three corporators (the law of Pennsylvania requiring at least five subscribers to an intended charter). The bill then averred that 200 shares each were issued to Bretz and Curtis as full paid, in consideration of the conveyance by them of certain bicycle goods, and certain contracts, licenses, and leases, and the business of Bretz, Curtis & Co., including the agreement above set forth; but whether or not there was a specific conveyance of said contract or license the complainant averred ignorance, and prayed discovery. Of the amount of stock in said corporation now owned by said Bretz and Curtis, the complainant also averred ignorance, because defendants have neglected to file their statement of such in the proper office, and prayed discovery thereof, averring also that the corporation is only a continuation of the partnership. The defendants have failed to make any report of bicycle or tricycle structures imported or sold, and have not paid any part of the said royalty since October 31, 1890; and the bill averred that the said corporation was engaged in the manufacture of bicycle and tricycle structures, and the importation thereof, other than the two certain English machines, and that such manufacture, importation, and sale is that of said Bretz and Curtis. The bill, after averring performance on the part of the complainant, prayed relief according to the facts set forth, and asked that defendants be perpetually enjoined from manufacturing, selling, and importing structures other than allowed by the agreement, and damages for the breach of same. Answers were also prayed for to the following interrogatories:

"(1) What contracts, licenses, and leases relating to the importation or sale of bicycle or tricycle structures have Jacob S. Bretz and George E. Curtis conveyed or assigned to Bretz & Curtis Manufacturing Company, and when? (2) Was the contract of license of March 18, 1890, between the Gormully & Jeffery Manufacturing Company and Jacob S. Bretz and George E. Curtis, trading as Bretz, Curtis & Co., at any time conveyed and assigned to Bretz & Curtis Manufacturing Company? And, if so, when? (3) What were the terms of the conveyance of certain bicycles, tricycles, accessories, and goods, and certain contracts, licenses, and leases, and the goodwill and business of the firm of Bretz, Curtis & Co., referred to in clause eight of the charter of the Bretz & Curtis Manufacturing Company? (4) How many shares of stock of the Bretz & Curtis Manufacturing Company have been issued? (5) What are the names of the stockholders of said company upon the date of the filing of this bill, and how many shares are held by each? (6) Has Jacob S. Bretz acquired or disposed of any stock of the Bretz & Curtis

Manufacturing Company since the organization thereof? And, if so, what amounts, and upon what dates? (7) Has George E. Curtis acquired or disposed of any of the stock of the Bretz & Curtis Manufacturing Company since the organization thereof? And, if so, what amounts and upon what dates?

"Note: The defendant Jacob S. Bretz is required to answer the interrogatories numbered, respectively, 1, 2, 3, 4, 6. The defendant George E. Curtis is required to answer the interrogatories numbered, respectively, 1, 2, 3, 4, 7. The defendant Bretz & Curtis Manufacturing Company is required to answer the interrogatories numbered, respectively, 1, 2, 3, 4, 5, 6, 7."

The answer of the Curtis-Child Manufacturing Company denied in detail the main allegations of the bill, averring that said agreement was in restraint of trade, and. making no response to the interrogatories propounded. The answer of Curtis admitted the agreement, but denied its effect in equity, for several reasons, and made no answer to the interrogatories. The complainant thereupon took exception to the answers as insufficient.

Crossdale & Adams, for complainant.

Horace Pettit, for defendants.

DALLAS, Circuit Judge (after stating the facts). Seven interrogatories are included with the bill in this case. The defendant Jacob S. Bretz was not served, and has not appeared. By note to the bill, the defendant George E. Curtis was required to answer the interrogatories numbered 1, 2, 3, 4, and 7, and the defendant Bretz & Curtis Manufacturing Company (now Curtis-Child Manufacturing Company) was required to answer the interrogatories numbered 1 to 7, inclusive. Neither of these defendants has answered either of them, and argument has now been heard upon exceptions filed by the complainant to their refusal to do so. Interrogatories should be confined to the matters set up in the bill, and be relevant to the case which it alleges. If not material to the purpose of the suit, a defendant ought not to be compelled to answer them.

For complainant, it is contended that the first three interrogatories are pertinent in "elucidation" of "the allegation that there was a conveyance of the license contract in suit to the Bretz & Curtis Company." The first interrogatory is not directed solely to that contract, but inquires "what contracts, licenses," etc., have been conveyed or assigned; and full reply to it might involve disclosure of contracts and conveyances other than that in suit, and of transactions with respect to which the complainant has no right to discovery. The second interrogatory is unobjectionable. The third interrogatory should be answered, either fully or by the statement of some fact justifying the refusal to do so. No sufficient reason for declining to answer it was suggested upon the argument.

The plaintiff's counsel has stated that the remaining interrogatories are intended to elicit discovery of the fact that the Bretz & Curtis Manufacturing Company is the successor of Bretz, Curtis & Co., and is really the same concern under a corporate organization. It is legitimate to inquire, with this object, into the circumstances connected with the creation of the corporation, and the number of its shares which were acquired by Bretz and Curtis, the consideration therefor, etc. To this extent, but not further, the fourth, fifth, sixth, and seventh interrogatories are well founded.

The first exception is dismissed. The second and third exceptions are sustained. The fourth and fifth exceptions to the answer of George E. Curtis, and the fourth, fifth, sixth, and seventh exceptions to the answer of Curtis-Child Manufacturing Company, are so far sustained that the defendants are, respectively, directed to answer the interrogatories to which those exceptions severally relate, to the extent which the foregoing opinion indicates to be requisite. The defendants are assigned to answer in accordance with this opinion on or before the next rule day.