### GASOLINE PRODUCTS CO., Inc., v. AMERICAN REFINING CO., Inc.

(District Court, D. Delaware. April 21, 1926.)

No. 571.

1. Courts ⟨⟩351—Although plaintiff may use interrogatories to obtain discovery from defendant, interrogatories must be restricted to scope of case made by bill (equity rule 58).

Although equity rule 58 empowers employment by plaintiff of interrogatories to obtain discovery from defendant, interrogatories must be restricted to scope of case made by bill.

2. Courts ⟨⟩351.

Interrogatories of plaintiff, seeking discovery on suspicion, surmise, or vague guesses, do not come within equity rule 58, and need not be answered.

3. Courts ⟨⟩351—Although plaintiff in action against former licensee of patent may ask, through interrogatories, if he is using apparatus, he may not generally ask what apparatus he is or has been using since termination of license (equity rule 58).

Plaintiff, bringing suit against former licensee of patent, although having right, through interrogatories under equity rule 58, to ask defendant if he is using such apparatus, is without right to ask defendant broadly and generally what apparatus he is using, or has been using, since termination of license.

In Equity. Bill by the Gasoline Products Company, Inc., against the American Refining Company, Inc. On objections to interrogatories filed by plaintiffs. Objections sustained.

Ward, Gray & Ward, of Wilmington, Del., and Ramsay Hoguet and Daniel L. Morris, both of New York City, for plaintiff.

William S. Hilles, of Wilmington, Del., and Frank S. Busser, of Philadelphia, Pa., for defendant.

MORRIS, District Judge. The bill of complaint of Gasoline Products Company, Inc., alleges that the defendant, American Refining Company, Inc., was a licensee under United States letters patent Nos. 1,203,312, 1,437,229, and 1,423,500; that the license was terminated on December 9, 1924, and that the defendant has continued, since that date, to practice and use the inventions of those patents. The plaintiff now asks that the defendant be required to answer the following interrogatories:

"(1) Is the apparatus for cracking hydrocarbon oils, which defendant has used since the 9th day of December, 1924, or used at the time of filing the bill of complaint in this suit, at Wichita Falls, Texas, the same in construction and operation as the apparatus which defendant used prior to December 9, 1924, under the license granted to defendant on June 1, 1923, by plaintiff?

"(2) If the answer to interrogatory (1) is in the negative, then in what respect or respects did the construction or operation of the apparatus which defendant used since December 9, 1924, or used at the time of the filing of the bill of complaint in this suit, at Wichita Falls, Texas, differ in construction or operation from the apparatus which defendant used under the June 1, 1923, license agreement, and what has been the construction and operation of the apparatus since December 9, 1924, and at the time of the filing of the bill of complaint in this suit?

"(3) What was the construction and operation of the apparatus for cracking hydrocarbon oils which defendant used at Wichita Falls, Texas, subsequent to December 9, 1924, and prior to the filing of the bill of complaint in this suit?"

The motion for an order directing an answer to these interrogatories contains this paragraph:

"The reason this motion is brought is that the facts asked for are material to the support of plaintiff's cause, and the apparatus is under the control and within the possession of defendant."

[1, 2] The defendant interposes no objection to the first interrogatory. It does object, however, to Nos. 2 and 3 upon the ground that they call for a disclosure by the defendant of facts to which the plaintiff has not shown itself entitled. Plaintiff takes the position that equity rule No. 58 establishes its right to the facts sought. Consequently the issue is one involving merely an interpretation of that rule, or rather the portion thereof which provides: "The plaintiff * * * may file interrogatories * * * for the discovery by the opposite party * * * of facts * * * material to the support * * * of the cause. * * *" The meaning of these words seems plain. While they empower the employment by the plaintiff of interrogatories to obtain discovery from a defendant, the right so conferred is not unlimited. Interrogatories must be restricted to the scope of the case made by the bill. Du Pont v. Du Pont (D. C.) 234 F. 459; Gormully & Jeffrey Manuf'g Co. v. Bretz (C. C.) 64 F. 612; Fuller v. Knapp (C. C.) 24 F. 100.

Moreover, unless the bill shows that the matters of which discovery is sought are material to the issues raised by the bill (Richardson v. Pennsylvania Coal Co. [D. C.] 203 F. 743; Oro Water, Light & Power Co. v. City of Oroville [C. C.] 162 F. 975; Alexander v. Mortg. Co. of Scotland [C. C.] 47 F. 131), and states plaintiff's case in such manner that the court can see how such matters are material (Turner et al. v. Dickerson, 9 N. J. Eq. 140; Deas v. Harvie, 2 Barb. Ch. [N. Y.] 448, Lane v. Stebbins, 9 Paige [N. Y.] 622), the discovery cannot be had. In brief, if the interrogatories of the plaintiff are unsupported by such foundation, or seek discovery upon suspicion, surmise, or vague guesses, they do not come within equity rule 58, and need not be answered. Gormully & Jeffrey Manuf'g Co. v. Bretz (C. C.) 64 F. 612; Fuller v. Knapp (C. C.) 24 F. 100; General Film Co. v. Sampliner, 232 F. 95, 146 C. C. A. 287 (C. C. A. 6); Huntington v. Saunders, 120 U. S. 78, 7 S. Ct. 356, 30 L. Ed. 580; J. H. Day Co. v. Mountain City Mill Co. (D. C.) 225 F. 622.

[3] While, as I view the matter, the plaintiff in a patent suit may ask the defendant, through interrogatories, whether the defendant is making, using, or vending a specific structure or product, or using a specific process, which appears to be, at least prima facie, within the scope of the claims of the

patents sued upon, yet the plaintiff in such suit is without right to ask the defendant, broadly and generally, what structure or product it is making, using, or vending, or what process it employs (New Jersey Zinc Co. v. E. I. Du Pont de Nemours & Co., Inc., 11 F.[2d] 908), for the facts sought by the latter inquiry are not confined to the scope of the bill, and are not shown by the bill to be "material to the support of the cause." In my opinion, the fact that the defendant was a former licensee neither changes this basic principle nor shifts the burden of proof.

I am not unaware that there are some reported decisions that are not in accord with this view, but as I am unable to reconcile them with the fundamental rules governing discovery, with the express provision of equity rule 58, and with the essential right of a defendant not to be compelled to disclose and lay bare in an infringement suit all its processes and apparatus to one whose rights are not shown to be at least coextensive with the discovery sought, these decisions do not, I think, carry conviction.

For the reasons stated, the objection to interrogatories Nos. 2 and 3 must be sustained.