# CURRIDEN *v.* MIDDLETON.

**APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.**

No. 152. Submitted March 4, 1914.—Decided March 16, 1914.

The proper remedy for damages caused by fraud and deception is an action at law. *Buzard* v. *Houston,* 119 U. S. 347.

Mere complication of facts alone and difficulty of proof are not a basis for equity jurisdiction. *United States* v. *Bitter Root Development Co.,* 200 U. S. 451.

An action in the Supreme Court of the District of Columbia commenced on the equity side of the court cannot be transferred to the law side of that court under Equity Rule 22. That rule has no application.

37 App. D. C. 568, affirmed.

THE facts are stated in the opinion.

*Mr. William E. Chandler, Mr. Lorenzo A. Bailey* and *Mr. William L. Chambers* for appellant:

For authorities as to jurisdiction in equity in cases of complicated fraud see 1 Story's Eq. Jur., §§ 184 and 437 *et seq.,* 2 *Id.,* § 1265.

Suits in equity are allowed between all persons standing in fiduciary relations to each other. 1 Pomeroy, §§ 179, 186; 2 *Id.*, 955–963; *Smith* v. *Kay*, 7 H. L. Cas. 750.

The case is that through defendant's fraud the whole enterprise became his and the company was his one-man corporation. Plaintiff in error was only his dupe and therefore his agent and subordinate. See Harvard Law Review, Jan., 1904, p. 201; *Re Slobodinsky* (1903), 2 K. B. 517; Treasury Branch Div., 1889, pp. 612, 618, 624.

The details of fraud are not necessary to be stated in the bill. *Nesmith* v. *Calvert*, 1 Wood & M. 34; 1 Loveland, Forms of Federal Practice, p. 237.

For cases where the need of discovery is a ground of jurisdiction, see 1 Pomeroy, §§ 223, 299, 314; *Reynolds* v. *Burgess*, 71 N. H. 332.

For cases where jurisdiction is taken in order to secure an adequate accounting, see 1 Pomeroy, §§ 186, 319; 4 *Id.*, §§ 1420, 1421; *Badger* v. *McNamara*, 123 Massachusetts, 117.

Equity is not lost because only money relief is demanded. 1 Pomeroy, § 178; 4 *Id.*, § 416; 5 *Id.*, § 11.

The ordinary limitation of actions at law is given in § 1265, c. XLI, Code of Dist. Col., but in § 1640, c. LX, it is provided that nothing shall affect the operation or enforcement in the District of Columbia of the principles of equity. *Kirby* v. *Lake Shore R. R. Co.*, 120 U. S. 130; *Watlington* v. *Watlington*, Law Rep., Modern and Ancient, 270, Term. Mich., 3 Geo. II, 1729.

*Tyler* v. *Savage*, 143 U. S. 79, and *Buzard* v. *Houston*, 119 U. S. 347, on which the court below appears to base its opinion, are inapplicable to this case.

Nearly all the objections to permitting a suit in equity can be fairly met by simply saying that every one of the necessary or desirable conditions demanded can and naturally may and perhaps should come to appear in the

course of the present case as it stands on the averments in the existing bill in equity.

Any lack of present averments does not weaken the plaintiff's right to maintain his suit in equity on the ground that he has not a remedy at law, plain, adequate and complete. In due time all these methods of an equitable remedy are likely to be asked for.

After due proceedings there can be an adjusting of the remedy to the exact wrong done.

*Mr. E. Hilton Jackson* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity against the defendant Middleton and two others not served, to which Middleton demurred. The demurrer was sustained and the bill dismissed by the Supreme Court of the District and the decree was affirmed by the Court of Appeals. 37 App. D. C. 568. The allegations in brief are that Middleton was a patent lawyer and personal friend of the plaintiff, that he brought to the plaintiff's attention a patent fluid and apparatus representing them to be valuable, with details of fact confirming the statement, and representing that Middleton was acting as agent of the patentees; that the plaintiff relying upon the representations, paid money and incurred obligations, amounting in all to some forty thousand dollars, all he had, for purchase of the patent rights, with an agreement that a company should be formed to work them; that a company was formed, but that it turned out that the fluid and apparatus were worthless, that Middleton was interested in the patent, and that his representations were false. It is alleged further that Middleton got complete control of the company, that an arrangement was made with it by which the company was to assume and pay outstanding notes of the plaintiff but that it failed to do so and is now

hopelessly insolvent; that all Middleton's acts were parts of a conspiracy to defraud the plaintiff, and that Middleton has all the books and papers of the company needed to prove the fraud. The prayers are for discovery and a decree that the defendants "shall make due restitution [of his property] to the complainant by paying to him the amounts of money by him paid out as aforesaid," and for general relief.

As there is a prayer for final relief the prayer for discovery must stand or fall with that, at least in a case like the present; there is no need to consider whether or how far bills for discovery alone have been displaced by the powers now given in actions at law. The relief sought is simply a decree for damages—for a large part of the moneys paid and obligations incurred were paid and incurred to others than Middleton, so that although the word restitution is used there is no attempt to rescind, to follow a specific fund or to establish a trust. Being a suit for damages the proper remedy is an action at law, as was held below. *Buzard* v. *Houston*, 119 U. S. 347. It is said that the facts are complicated, but they are not so on the allegations of the bill, which merely disclose a series of acts alleged to have been parts of the plan to deceive, and further, mere complication of facts alone and difficulty of proof are not a basis of equity jurisdiction. See *United States* v. *Bitter Root Development Co.*, 200 U. S. 451, 472. It now is asked that if the suit cannot be maintained in equity it may be transferred to the law side and under Equity Rule 22; but that rule has no application to the case. Rev. Stat., § 913. D. C. Code, (act of March 3, 1901, c. 854), § 85. 31 Stat. 1189, 1202.

*Decree affirmed.*