CHILDS v. MISSOURI, K. & T. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1915.)

No. 4184.

1. COURTS ⟲371—RIGHTS UNDER STATE STATUTES—QUIETING TITLE—POSSESSION OF PLAINTIFF—NECESSITY.

An action to remove a cloud from the title to property cannot be maintained in a federal court by a party out of possession against a party in possession, even though maintainable under the laws of the state where the land is situated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. ⟲371.]

2. QUIETING TITLE ⟲29—DEFENSES—LACHES AND LIMITATIONS.

In analogy to Mansf. Dig. Ark. § 4471, requiring actions to recover land to be brought within 7 years after the right to sue accrues, an action to remove a cloud from plaintiff's title to land of which it was alleged defendant had wrongful possession was barred by laches, where defendant had been in adverse possession continuously for nearly 11 years, in the absence of any showing that it would be inequitable to apply the doctrine of laches, as ordinarily a suit in equity will not be stayed before, and will be stayed after, the time fixed by the analogous limitation at law, unless there are unusual conditions or extraordinary circumstances, and within such time the burden is on defendant, and after the expiration of such time on plaintiff, to show such extraordinary circumstances.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 63; Dec. Dig. ⟲29.]

3. LIMITATION OF ACTIONS ⟲88—ABSENCE FROM STATE—FOREIGN CORPORATIONS.

Mansf. Dig. § 4471, limiting the time for bringing actions to recover land, was not rendered inapplicable by the fact that the party in possession was a foreign corporation, in the absence of any showing that it could not have been served with process, especially in view of section 4982, providing, relative to the service of process, that where the defendant is a foreign corporation having an agent in the state the service might be upon such agent.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 463; Dec. Dig. ⟲88.]

4. ACCOUNT ⟲15—DISCOVERY ⟲13—LACHES.

Laches is as good a defense to a bill for a discovery and an accounting as to any other proceeding in equity.

[Ed. Note.—For other cases, see Account, Cent. Dig. § 72; Dec. Dig. ⟲15; Discovery, Cent. Dig. § 14; Dec. Dig. ⟲13.]

5. COURTS ⟲268—UNITED STATES COURTS—JURISDICTION—DISTRICT IN WHICH SUIT SHOULD BE BROUGHT.

Where neither of the parties to a suit to remove a cloud from plaintiff's title to land were citizens of the district, and the jurisdiction of the court was invoked wholly upon the ground that the land was within the district, the suit, having failed as an action to remove the cloud, could not be treated as one for discovery and an accounting, as a simple action for an accounting will not lie in a district of which neither party is a resident or citizen.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. ⟲268.]

6. EQUITY ⟲38—RETAINING JURISDICTION—REMEDY AT LAW.

Where a suit failed as one to remove a cloud from plaintiff's title, it was not maintainable as a bill for discovery and an accounting, since,

when the ground upon which the jurisdiction of equity is invoked fails, jurisdiction will not be retained for the purpose of granting relief for which there is a complete and adequate remedy at law, and plaintiff, if entitled to a discovery and an accounting, could obtain it at law, under Rev. St.. § 724 (Comp. St. 1913, § 1469), providing that in actions at law the courts of the United States may require the parties to produce books or writings in their possession or power containing evidence pertinent to the issue in cases and under circumstances where they might be compelled to produce them by the ordinary rules of proceeding in chancery.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 103; Dec. Dig. ☞38.]

7. TRESPASS ☞20—PARTIES ENTITLED TO SUE—PARTIES OUT OF POSSESSION.

To entitle a party out of possession to recover for a trespass, he must first establish his ownership or lawful right to the possession of the premises.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 32–47; Dec. Dig. ☞20.]

8. JURY ☞14—RIGHT TO JURY TRIAL—ACTIONS FOR TRESPASS.

Under Const. U. S. Amend. 7, providing that in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, a defendant, suing for trespass, was entitled to a jury trial, which he could not obtain in equity, since, even if the equity court should submit the issues of fact to a jury, the verdict would be merely advisory; and hence a suit, having failed as a suit to remove a cloud from the title to land of which defendant was in wrongful possession, could not be maintained as a bill for discovery and an accounting.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 40–60, 66–83; Dec. Dig. ☞14.]

9. ACCOUNT ☞17—SUFFICIENCY OF COMPLAINT—"FISHING BILL."

A complaint in a suit to remove a cloud from plaintiff's title to land of which defendant was in wrongful possession, and for discovery and an accounting, which alleged that during the 11 years defendant was in possession it had continuously mined and was mining coal on the premises, the certain quantity of which was unknown, but which exceeded in value the sum of $3,000,000, was insufficient to require an accounting, as it constituted a "fishing bill," which cannot be maintained.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 77–82, 84–88; Dec. Dig. ☞17.

For other definitions, see Words and Phrases, Fishing Bill.]

10. APPEAL AND ERROR ☞195—REVIEW—MATTERS NOT RAISED BELOW.

Where plaintiff neither moved to amend or set aside a decree dismissing his suit after the sustaining of a demurrer to the complaint nor assigned as error the failure to give him an opportunity to amend, it was too late to raise this objection for the first time in an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1149; Dec. Dig. ☞195.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action by Newton B. Childs against the Missouri, Kansas & Texas Railway Company. From a decree dismissing the bill, plaintiff appeals. Affirmed.

The plaintiff, appellant in this court, a citizen of the state of Missouri, instituted this action in the Circuit Court for the Eastern District of Oklahoma on December 1, 1909, against the appellee, a corporation created by and existing under the laws of the state of Kansas, and the Southwestern Development Company, a corporation created and existing under the laws of West

Virginia, to remove, as a cloud on his title, a leasehold interest in certain lands situated in the Eastern district of Oklahoma. On December 1, 1910, he filed an amended complaint, and on May 22, 1911, dismissed his action against the Development Company, leaving the Railway Company as the sole defendant. As the amended complaint is practically a substituted bill, it is unnecessary to refer to the original bill.

The allegations in the amended complaint are that the plaintiff is, as lessee of the lands described therein, entitled to the possession of them, and has been ever since July 13, 1892, but that the Railway Company on January 1, 1899, unlawfully entered into possession of these lands, and has ever since wrongfully withheld the possession of said premises from the plaintiff; that the defendant has since then continuously mined and is now mining coal on said premises, the exact quantity of which is unknown, but, it is averred, exceeds in value the sum of $3,000,000. The relief prayed is that plaintiff's title to the lands in controversy be confirmed and quieted, that the coal taken from these lands by the defendant be decreed to have been taken in fraud of plaintiff's rights, that the defendant make discovery of the coal taken from them, and that an accounting be had.

The defendant demurred to the bill, setting up a number of grounds, among them that the allegations in the bill show that plaintiff has a complete and adequate remedy at law, and that the allegations in the bill are not sufficient to entitle him to any relief in a court of equity. On January 31, 1913, the demurrer was sustained by the court upon the ground that the leases upon which plaintiff relied were void and a decree was entered dismissing the bill. From this decree this appeal is prosecuted.

Selden P. Spencer, of St. Louis, Mo., and Edmund M. Bartlett, of Kansas City, Mo. (Forrest C. Donnell, of St. Louis, Mo., on the brief), for appellant.

M. D. Green and Clifford L. Jackson, both of Muskogee, Okl. (Joseph M. Bryson, of St. Louis, Mo., and W. R. Allen, of Muskogee, Okl., on the brief), for appellee.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). In view of the conclusions reached, it is unnecessary to determine the validity of the leases upon which plaintiff relies, and therefore the question whether the court could consider them on demurrer to the bill, when they were not made a part of the bill nor filed as exhibits thereto, which has been very fully argued by counsel, is immaterial.

[1] 1. It appears from the face of the bill that plaintiff is not in possession of the premises, and that the defendant is. In such a case a bill in equity to remove a cloud on the title to property does not lie in a national court, even if under the laws of the state where the lands are situated such an action may be maintained. Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873.

[2] 2. The bill shows on its face that the plaintiff has been guilty of laches. Although, as alleged in his complaint, his right of possession accrued on July 13, 1892, and the defendant has been in adverse possession continuously since January 1, 1899, this action was not instituted until December, 1909, nearly 11 years after the wrongful entry by the defendant which set the statute of limitations in motion, and no explanation to excuse this delay is set out in the bill. This is fatal. Patterson v. Hewitt, 195 U. S. 309, 25 Sup. Ct. 35, 49 L. Ed. 214. In Wil-

son v. Plutus Mining Co., 174 Fed. 317, 320, 98 C. C. A. 189, Judge Sanborn, speaking for this court, declared the well-established rule governing courts of equity in the matter of laches to be:

"Under ordinary circumstances a suit in equity will not be stayed before, and will be stayed after, the time fixed by the analogous limitation at law; but if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer, period than that fixed by the statute, the chancellor will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it. When a suit is brought within the time fixed by the analogous statute, the burden is on the defendant to show, either from the face of the bill or by his answer, that extraordinary circumstances exist which require the application of the doctrine of laches, and, when such a suit is brought after the statutory time has elapsed, the burden is on the complainant to show, by suitable averments in his bill, that it would be inequitable to apply it to his case."

And when the property involved is of a speculative nature, such as mining property usually is, a court of equity will refuse to grant relief even when the suit is instituted before the bar of the statute of limitation had attached. Twin Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328; Johnston v. Mining Co., 148 U. S. 370, 13 Sup. Ct. 585, 37 L. Ed. 480; Curtis v. Lakin, 94 Fed. 251, 36 C. C. A. 222.

[3] The statute of limitation in force in the Indian Territory at the time the unlawful entry is alleged to have been made by the defendant was seven years. Mansfield's Digest, § 4471. That the defendant was a foreign corporation in the Indian Territory did not change the rule, in the absence of any showing that it could not have been served with process within the jurisdiction of the court. The law in force at that time (Mansfield's Digest, § 4982) provided for service on foreign corporations in the territory. There are no allegations in the complaint as to why the bar of the statute should not apply, and, as stated in Wilson v. Plutus Mining Co., supra:

"When such suit is brought after the statutory time has elapsed, the burden is on the complainant to show by suitable averments in his bill that it would be inequitable to apply it to his case."

[4] 3. It is also claimed that, even if the action to remove a cloud on the title cannot be maintained, the bill should be treated as one for discovery. But there are many reasons why this would not aid plaintiff in any wise:

(a) Laches is as good a defense to a bill of discovery and for an accounting as to any other proceeding in equity.

[5] (b) If this were merely a bill for an accounting, the court would have been without jurisdiction, unless waived by the defendant, for neither of the parties were citizens of the state of Oklahoma. The jurisdiction of the court below was invoked wholly upon the ground that the primary object was to quiet plaintiff's title, a cause of action which may be brought in the district in which the property lies, regardless of the fact that neither of the parties is a citizen of that state. Section 8 of the act of March 3, 1875 (18 Stat. 472 [Comp. Stat. of 1913, § 1039]). A simple action for an accounting would not lie in a district in which neither the plaintiff nor defendant resides nor is a citizen of.

[6] (c) When the ground upon which the jurisdiction of a court of equity is invoked fails, a court of equity cannot retain it for the purpose of granting relief for which there is a complete and adequate relief at law. Lewis Publishing Co. v. Wyman, 182 Fed. 13, 104 C. C. A. 453 (affirmed in 228 U. S. 610, 33 Sup. Ct. 599, 57 L. Ed. 989). If plaintiff is entitled to a discovery and accounting, he could obtain it at law under the provisions of section 724, R. S. (Comp. St. 1913, § 1469). United States v. Bitter Root Co., 200 U. S. 451, 475, 26 Sup. Ct. 318, 50 L. Ed. 550; Curriden v. Middleton, 232 U. S. 633, 34 Sup. Ct. 458, 58 L. Ed. 765.

[7] To entitle a party out of possession to recover for a trespass, he must first establish the fact that he is the owner of, or lawfully entitled to the possession of, the premises.

[8] (d) To recover for a trespass the defendant is, under the provisions of the seventh amendment to the Constitution, entitled to a trial by jury, which he cannot obtain in a court of equity. Even if the equity court should submit the issues of fact to a jury, the verdict is merely advisory, and not within the meaning of the seventh amendment. Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298, 37 L. Ed. 150.

[9] (e) The allegations in the bill requiring an accounting are wholly insufficient to justify the interposition of a court of equity. They are not specific, and that part of the bill may properly be called a "fishing bill," which cannot be maintained. Huntington v. Saunders, 120 U. S. 78, 7 Sup. Ct. 356, 30 L. Ed. 580; Carpenter v. Winn, 221 U. S. 533, 540, 31 Sup. Ct. 683, 55 L. Ed. 842.

[10] 4. Appellant complains because he was not given an opportunity to amend his complaint, as the court, when it sustained the demurrer, immediately rendered a final decree dismissing the bill. Whether this was error it is unnecessary to determine in this case, as the plaintiff did not complain of it in the court below by motion for leave to amend or to set aside the decree, although the term at which it was entered did not lapse for some time, and long after plaintiff had knowledge of the rendition of the decree. Nor is it assigned as error in the assignment of errors. It was raised for the first time in this court. It was then too late.

The decree of the court below is right, and is affirmed.