KENTUCKY WAGON MFG. CO. v. JONES & HOPKINS MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1918.)

No. 3143.

1. COURTS ☞312(8)—FEDERAL COURTS—JURISDICTION.
    Where a creditor, whose claim was less than $3,000, by assignment, which was absolute, acquired claims of other nonresident creditors, which in the aggregate, with his own, exceeded $3,000, the federal courts have jurisdiction of his suit, there being a diversity of citizenship.

2. CREDITORS' SUIT ☞11(1)—CONDITIONS PRECEDENT.
    An ordinary creditors' suit, for judgment and for cancellation of an alleged fraudulent conveyance, cannot be maintained by a creditor whose claim has not been reduced to judgment.

3. CORPORATIONS ☞548(3)—MAINTENANCE—JURISDICTION OF EQUITY.
    As equity will take jurisdiction to enforce a trust, an unsecured creditor, who had not reduced his claim to judgment, may maintain a creditors'

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bill against the debtor corporation and another, which had received funds and property devoted to the payment of unsecured creditors, transferred to it in violation of the trust agreement, by the committee appointed to manage the affairs of the debtor.

**4. TRUSTS ☞356(1)—MISAPPROPRIATION—ACCOUNTING.**

Equity will compel the restoration of a trust fund by one who has induced the trustee to unlawfully transfer it to him.

**5. EQUITY ☞401—REFERENCE TO MASTER—DENIAL OF HEARING BEFORE COURT.**

Where the court had determined the substantial rights of the parties, reference to the master for accounting is not a denial of hearing before the court, particularly as either party, if dissatisfied with the master's findings, might except, and such exceptions would be passed on by the court.

Appeal from the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

Bill by the Jones & Hopkins Manufacturing Company, on behalf of itself and all other creditors, against the Asa W. Allen Company, a corporation, and others. From a decree for complainant, defendant Kentucky Wagon Manufacturing Company appeals. Affirmed.

W. D. Anderson and W. A. Blair, both of Tupelo, Miss., for appellant.

T. T. McCarley, of Nashville, Tenn., and John A. Sykes, of Aberdeen, Miss., for appellee.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

BEVERLY D. EVANS, District Judge. This is a creditors' bill by appellee, in its own behalf and in behalf of other creditors of the Asa W. Allen Company, a mercantile corporation, and its president and manager, Asa W. Allen, against its debtors and about 25 other creditors, including appellee. All matters charged against the defendants, except appellant, have been disposed of and are not before the court. The cause resulted in a decree against appellant, from which it took an appeal. The case will not be stated, as the facts necessary to elucidate the points made in the appeal will appear from discussion of the assignment of errors.

[1] 1. The complainant alleged itself to be a corporation chartered and existing under the laws of Tennessee, and that the respondent Asa W. Allen Company was a corporation organized under the laws of Mississippi, with its principal office in Mississippi, and that the respondent Asa W. Allen was a citizen and resident of the state of Mississippi, and that these two respondents were indebted to the complainant in a sum in excess of $3,000, principal sum. The answer challenged the jurisdiction of the court, on the ground that the claim on which the bill is based is less than $3,000, exclusive of interest and costs. It appeared that the complainant held four notes of these respondents, aggregating $2,083.20, and prior to the filing of the bill

had acquired by written assignment claims of other nonresident creditors against the respondents, which enlarged its indebtedness to a sum in excess of $3,000, principal debt. If these transfers were absolute, and the assignors parted with all their interest in the debts assigned, there being diverse citizenship, the complainant could maintain an action on the aggregated claim in the federal court. Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759, 36 L. Ed. 552. The District Judge in his decree made a special finding of fact that these respondents were indebted to the complainant in a sum in excess of $3,000, principal, and we find that there is evidence sufficient to uphold this finding of fact. There is no merit in the assignments of error based on this ground.

[2, 3] 2. Appellant raised the point that the bill was not maintainable by appellee, because the latter was a simple contract creditor of the Allen Company and of Allen, whose claim had not been reduced to judgment. If this was an ordinary creditors' suit, for judgment and for the cancellation of an alleged fraudulent conveyance, it could not be maintained by a creditor whose claim had not been reduced to judgment. Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804. This case contains other features which bring it within the equitable jurisdiction of a federal court. The bill is brought by the complainant, in its own interest and in behalf of other beneficiaries of a trust, against appellant, as a trustee, who is alleged to have unlawfully diverted the trust fund to its own use. The appellant's alleged conduct cannot be reached by any proceeding at law, and there is no reason for requiring it to resort to legal processes. Whenever a creditor has a trust in his favor, he may go into equity without exhausting legal processes and remedies. Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004. The crux of the appellee's allegations against the appellant is that the Allen Company and Allen turned over all of their property to a committee of three appointed by their creditors, for liquidation by them. Appellant's agent was a member of that committee, and he, at the instance of appellant, induced his associates on the committee to divert the funds coming into their hands for the benefit of all unsecured creditors, to the separate use and benefit of appellant. An accounting was prayed against the committee and appellant, and a recovery was asked for the funds alleged to have been misapplied, so as to be administered as a trust fund, for distribution among all creditors entitled to participate therein. Other necessary and ancillary relief was prayed. The bill presented a case of equitable jurisdiction.

[4] 3. The Allen Company was a mercantile corporation, organized and managed by A. W. Allen, its president, who was the chief, if not the only, stockholder. In fact, the corporation was used by Allen as a convenient means of doing business, and the transactions between the corporation and himself were so intermingled that it was impossible to separate them. The finances of the corporation became so involved that Allen called a meeting of its creditors for the purpose of obtaining an extension of time on its indebtedness. Appellant and appellee were among the corporation's creditors and participated in the

creditors' meeting. In the meeting of the creditors, in which Allen took part, it was agreed that a committee of three should take charge of the business of the Allen Company, and the committee was empowered to select a manager and to retain the services of Allen on a salary, and the entire business of Allen and the Allen Company was to be carried on under the direction of the committee. Allen had considerable individual property, which was incumbered, and the equities in these properties were to be administered by the committee for the benefit of the unsecured creditors of the Allen Company.

In his review of the facts the trial court found that one Palmer, the accredited agent of appellant, was made a member of that committee. Prior to his appointment, Palmer, for the benefit of his principal, had secured a deed of trust from Allen and the Allen Company to secure the payment of a debt due to appellant by the Allen Company and a sum of money which appellant had theretofore advanced for the purpose of securing an assignment to it of a deed of trust held by the Bank of Brooksville on certain land belonging to Allen. After Palmer became a member of the creditors' committee, and entered upon his duties as a trustee of the properties and assets of the Allen Company and of Allen for the benefit of the unsecured creditors of both, with the knowledge of his cotrustees and in breach of his duty as trustee, and in fraud of the rights of the unsecured creditors, Palmer procured the assignment to his principal, appellant, of certain notes amounting to $2,100, which were a part of the assets of Allen and the Allen Company in the hands of the creditors' committee as trust funds for the benefit of the unsecured creditors of the Allen Company and Allen. Likewise Palmer procured the erection of certain houses on land to which his principal held a deed of trust, for the purpose of enhancing the security of his principal, and paid for these improvements out of the funds in the hands of the creditors' committee, held in trust for the unsecured creditors. The court decreed that appellant should account for this diversion of assets. The evidence is sufficient to support the court's finding, and its decree, that appellant should account for the collateral received and money used in enhancing its value, results from the application of familiar principles of equitable jurisprudence, which will compel the restoration of a trust fund by one who has unlawfully diverted it to his own use.

[5] 4. The court in its decree appointed a master, and directed him to take an accounting of the collateral received by appellant and of the money realized on it, and also to determine the number of houses, date of construction, and their reasonable value, to the end of ascertaining the amount of trust funds which had been misappropriated by appellant. It is urged that the effect of this part of the decree is to deprive appellant of the right to a hearing before the court. The decree determined the substantial rights of the parties, and the reference to the master only involves an ascertainment of the amount of the trust fund for which appellant was to account. If appellant should disagree with the master, it would be entitled to except, and the court would then pass on its exceptions. There is no merit in this assignment of error.

5. The record is voluminous, and involves many matters which had been eliminated. The foregoing discussion disposes of all of the assignments of error adversely to the appellant, and the decree is affirmed.