SLATER v. RUGGLES et ux.

(Court of Appeals of District of Columbia. Submitted Jan. 9, 1920. Decided March 1, 1920.)

No. 3290.

1. EXCHANGE OF PROPERTY &wkey;3(1)—WHERE INDUCED BY FRAUD, MAY BE SET ASIDE.

Where, in negotiating an exchange of properties with plaintiffs, defendant made representations concerning the status and value of his properties, which were untrue, and made for the obvious purpose of deceiving plaintiffs, and which did deceive them, the transactions may be set aside in equity.

2. EQUITY &wkey;147—PREJUDICE IS PRINCIPAL TEST OF MULTIFARIOUSNESS.

Whether defendant has been prejudiced by the alleged multifariousness of the bill is the principal test.

3. EQUITY &wkey;149—BILL IN SUIT BY HUSBAND AND WIFE HELD NOT MULTIFARIOUS.

A bill by husband and wife, seeking to set aside for fraud exchanges of properties separately owned by them for property of defendant, was not multifarious, where each of the plaintiffs had an interest in the estate of the other, and their transactions with defendant were so connected and interwoven that the questions in controversy could better be raised in a single suit than in separate proceedings.

4. CANCELLATION OF INSTRUMENTS &wkey;10—NO ADEQUATE REMEDY AT LAW PREVENTING RELIEF.

There is no adequate remedy at law, preventing a suit in equity to set aside exchanges of properties induced by fraud, whereby defendant acquired practically everything that plaintiffs possessed.

5. CANCELLATION OF INSTRUMENTS &wkey;34(1)—LACK OF PREJUDICE IS MATERIAL CONSIDERATION ON QUESTION OF LACHES.

That defendant was not prejudiced by plaintiffs' delay in suing to set aside transactions whereby they were induced by fraud to exchange properties with defendant is a material consideration on the question of laches.

Appeal from the Supreme Court of the District of Columbia.

Suit by Willis R. Ruggles and wife against John G. Slater. From a decree for plaintiffs, defendant appeals. Affirmed.

Henry E. Davis and Charles Poe, both of Washington, D. C., for appellant.

E. S. Duvall and W. G. Gardiner, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree for the appellees, plaintiffs below, in the Supreme Court of the District of Columbia.

The appellees, husband and wife, in the fall of 1912, were living on a farm owned by Mrs. Ruggles and located near Herndon, Va. This farm was worth about $12,000, and the personal property thereon was worth about $2,300 in addition. Mrs. Ruggles also owned 15 acres of improved land adjoining this farm. Mr. Ruggles owned another farm in Nelson county, Va., worth about $15,000, upon which was personal

property of the value of about $1,200. In addition to this property, upon which there was no incumbrance, husband and wife had about $6,000 in cash. Within about a year, through their dealings with appellant, a real estate operator in the District of Columbia, they had lost and he had gained practically everything they had possessed.

Early in 1916 appellees filed their bill to have the various transactions set aside, and for other incidental and appropriate relief. In the final paragraph of his answer to the bill, appellant averred that complainants had an adequate remedy at law, that the bill was multifarious, and that complainants were guilty of laches; but no motion was made to dismiss the bill. Voluminous testimony was introduced by both parties, and the trial court, in a written opinion, carefully reviewed the evidence, and found that fraud was practiced upon appellees, as alleged in their bill.

[1] We shall not review the evidence here, since we agree with the trial court. The various representations made by appellant, concerning the status and value of the properties in this District which he exchanged with appellees, were untrue, and were made for the obvious purpose of deceiving, and actually did deceive, appellees. Appellant's conduct, from the time he met appellees until he had absorbed practically everything they possessed, was characterized by such a lack of good faith that no other conclusion under the evidence could have been reached by the trial court. It was nothing short of a persistent and consistent scheme to deceive and defraud appellees, and the law would suffer reproach, were the suggestion to be entertained that the chancellor was without jurisdiction to right the wrong.

[2, 3] As to the contention that the bill was multifarious, little need be said. No motion was made to dismiss the bill, nor was such a motion made at the conclusion of appellees' evidence. Appellant introduced evidence upon all the issues made, and it cannot be successfully contended that he has been prejudiced in any way by the alleged multifariousness; and that, after all, is the principal test. "The rule against multifariousness looks to the prevention of needless expense, complexity of the proceedings, and unnecessary prolixity of the pleadings, all of which manifestly tend to delay and annoyance." 10 R. C. L. 430; Emerson v. Gaither, 103 Md. 564, 64 Atl. 26, 8 L. R. A. (N. S.) 738, 7 Ann. Cas. 1114; Williams v. Crabb, 117 Fed. 193, 54 C. C. A. 213, 59 L. R. A. 425. In Gains v. Chew, 2 How. 619, 642 (11 L. Ed. 402), the court, in considering this question, said:

"Every case must be governed by its own circumstances; and as these are as diversified as the names of the parties, the court must exercise a sound discretion on the subject. Whilst parties should not be subjected to expense and inconvenience, in litigating matters in which they have no interest, multiplicity of suits should be avoided, by uniting in one bill all who have an interest in the principal matter in controversy, though the interest may have arisen under distinct contracts."

Here each of the appellees had an interest in the estate of the other. Their transactions with appellant were so connected and interwoven that the questions in controversy could better be raised in a single suit than in separate proceedings.

[4] The contention that appellees had an adequate remedy at law is without merit. Curriden v. Middleton, 232 U. S. 633, 34 Sup. Ct. 458, 58 L. Ed. 765, is not in point, for as observed by the court in that case, there was "no attempt to rescind, to follow a specific fund, or to establish a trust."

[5] The question of laches remains. Owing to the complexity of the transactions between these parties, and the surrounding circumstances, we agree with the trial court that there has been no such lack of diligence as to defeat the bill. Bradley v. Davidson, 47 App. D. C. 266; Conkling v. N. Y. Life Ins. & Trust Co., 49 App. D. C. ——, 262 Fed. 620, present term. It does not appear that appellant was prejudiced in any way by the lapse of time here, and that is a material consideration. Southern Pac. Co. v. Bogert et al., 250 U. S. 483, 39 Sup. Ct. 533, 63 L. Ed. 1099; McIntire v. Pryor, 173 U. S. 38, 19 Sup. Ct. 352, 43 L. Ed. 606.

Finding no error in the record, we affirm the decree, with costs.
Affirmed.

END OF CASES IN VOL. 263