## BROWN v. CUBA–AMERICAN JOCKEY & AUTO CLUB.

(District Court, S. D. Florida. December 1, 1924.)

No. 327.

1. **Corporations** ⬤⟞556 — **Holder of insolvent corporation's note, secured by lien on stock owned by corporation, could bring action for appointment of receiver.**

Holder of insolvent corporation's note, secured by lien on corporate stock owned by corporation, could bring action for appointment of receiver.

2. **Corporations** ⬤⟞556—**Simple contract creditor of insolvent corporation may sue for appointment of receiver.**

Simple contract creditor of insolvent corporation may sue for appointment of receiver.

**3. Corporations ⬤⇒554—Stockholder's demand on officers held not essential to maintenance of suit for appointment of receiver.**

Stockholder of insolvent corporation, suing for appointment of receiver, need not show demand on officers, where such demand, if made, would have been fruitless.

**4. Corporations ⬤⇒65 — Shares of corporate stock are personal property.**

Shares of corporate stock are personal property.

**5. Corporations ⬤⇒65 — Situs of corporate stock is locus of incorporation.**

Shares of stock in corporation are personal property, but situs is locus of incorporation.

**6. Corporations ⬤⇒555—District Court could appoint receiver for corporation personally served, though no property of corporation is located within territorial jurisdiction.**

District Court, having jurisdiction over corporation by personal service, could appoint receiver, though no property of the corporation is located within the territorial jurisdiction of the court.

**7. Corporations ⬤⇒557(2)—Bill held to entitle complainant, as creditor and as minority stockholder, to appointment of receiver.**

Bill of creditor and minority stockholder of insolvent corporation, alleging insolvency and fraud and mismanagement by officers and majority stockholders, held to entitle complainant, both as creditor and as minority stockholder, to appointment of receiver.

In Equity. Bill by Harry D. Brown, Sr., against the Cuba-American Jockey & Auto Club. Defendant's motion to dismiss bill overruled, and complainant's application for appointment of receiver granted.

John W. Dodge, of Jacksonville, Fla., for complainant.

Cooper, Cooper & Osborne, of Jacksonville, Fla., for defendant.

CALL, District Judge. The complainant in this cause brings his bill against the defendant in the character of creditor and minority stockholder, alleging the insolvency of the corporation, fraud and mismanagement by the officers and the majority stockholders, and brings the bill on behalf of himself and all others similarly situated, who come into the suit. Prior to the hearing an amendment was made, bringing in certain persons and a corporation of a foreign country, alleged to have received certain property of the defendant corporation under a void lease, whereby certain profits were made, which should be accounted for and go to the benefit of the defendant corporation.

An attempt was made to serve the defendant corporation, then the only defendant, by serving the president of same in the city of New York, under order of court. A motion was filed by the defendant to quash said service. Subsequent to the attempted service in New York, personal service was obtained upon the secretary of the defendant by the marshal of this district, in the absence of other officers from the state. The motion to quash, therefore, is of no moment now, and a decision of the questions raised by the motion is unnecessary after the personal service. The defendant corporation filed a special appearance for the purpose of contesting the jurisdiction of this court and moved to dismiss the suit. There are 12 grounds for said motion. The grounds may be condensed into three main grounds, as follows: First, that complainant, suing as a creditor, has not reduced his claim to judgment; second, that as a stockholder he had not made demand upon the officers; and, third, that he had not shown that the corporation had property subject to the jurisdiction of this court.

The complainant is alleged to be a citizen and resident of California and the defendant corporation a citizen and resident of Florida, with its principal office in the city of Jacksonville, Fla., and the marshal's return shows service upon the secretary in the absence from the state of the other officers. As I understand defendants' contentions, the motion is directed to the bill and amendment in its character as a bill for the appointment of a receiver of the property of the defendant corporation, not to any other relief the complainant may be entitled to against the defendant corporation.

[1, 2] The first ground, that, suing as a creditor, he has not reduced his claim to judgment, seems to have been eliminated by the amendment, wherein it is claimed that a lien exists upon certain stock owned by the defendant in a Cuban hotel company in favor of complainant to secure the payment of a certain promissory note of the defendant held by him, and I shall not further consider that ground. But in any event it seems that a simple contract creditor may have the relief sought here against an insolvent corporation. Lion Bonding & Surety Co. v. Karatz (C. C. A.) 280 F. 532; Kentucky Wagon Mfg. Co. v. Jones & Hopkins Mfg. Co., 248 F. 272, 160 C. C. A. 350.

[3] The second ground, that complainant does not show a demand made upon the officers, is not, in my judgment tenable. American Creosote Works v. Powell, 298 F. 420. If the allegations in the bill and amendment are true, such demand would be a vain and fruitless performance.

This leaves the third ground to be considered—that he has not shown that the corpo-

ration had property within the jurisdiction of this court. The amendment to the bill alleges a lien upon the possession of 500 shares of preferred and 250 shares of common stock in the Cuban Hotel Company, a corporation of Cuba, to secure the payment of the defendant corporation's promissory note. The question raised by this objection may be considered in two aspects, as follows: (1) Does the ownership of this stock by the defendant make the stock 'property' within this district? (2) Is it necessary to maintain the bill that 'property' should be shown within the district of the domicile of the defendant corporation? (3) Is it necessary that the defendant corporation should have property in this district before a receiver is appointed?

[4, 5] In so far as the first and second questions are concerned, it may be said that the jurisdiction of the court to grant a portion of the relief sought depends upon the diversity of citizenship and the amount in controversy, and this is shown by appropriate allegations. No necessity exists to show ownership of property in the district to vest jurisdiction in this court under those conditions. It is strenuously contended on behalf of the defendant corporation that before a receiver can be appointed the bill must show that the defendant possesses property within the jurisdiction, which the order of the court would reach and affect, while it is equally strenuously contended by the complainant that such necessity does not exist, but that the court having jurisdiction of the person of the defendant may compel the defendant to obey the orders, although there is no property within the territorial jurisdiction of the court. The motion to dismiss is made by the defendant, incorporated in this state, and it affirmatively appears by the allegations of the bill that the property possessed by the defendant is situated in the republic of Cuba, consisting of real estate, personal property, and shares of stock in a hotel in Havana, Cuba. The shares of stock are personal property, but, as I understand the law, the situs of such property is the locus of the incorporation, which in this instance is Cuba. If the contention of the defendant is correct, then this court is without power to appoint such receiver, and the application of the complainants would be denied.

The Circuit Court of Appeals of the Fifth Circuit, in the case of Frontera Transportation Co. v. Abaunza, 271 F. 200, has this to say: "It is well settled that, where a court of equity acquires jurisdiction by

personal service, it can proceed in personam to compel the defendant to do all things necessary, in a case where the res is beyond the territorial jurisdiction of the court." Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538, is cited.

[6] Applying this rule in this case, the jurisdiction of the court to afford the relief prayed is not dependent upon the location of property within the territorial jurisdiction of the court. This being so, the question of the situs of the shares of stock becomes unimportant.

The question of the appointment of a receiver for the property of the defendant corporation was submitted at the time of the submission of the motion to dismiss. The bill is rather voluminous in its allegations, charging fraud, misconduct, and mismanagement of the affairs of the corporation by the directors and majority stockholders, the insolvency of the corporation, produced by said acts, unlawful acts in changing charter and assuming debts not due by the corporation, by the majority stockholders, etc., and I will not attempt to give a résumé of the allegations.

[7] But, considering the bill, it seems to me that sufficient is alleged to entitle the complainant, both as creditor and minority stockholder, to have a receiver appointed for the property of the defendant corporation.

An order will be made, overruling the motion to dismiss the bill for want of jurisdiction, and granting the application for the appointment of a receiver. The bond to be required of the complainant and the receiver, when named, will be determined in said order.