### WHITE CO. v. FINANCE CORPORATION OF AMERICA et al.

#### No. 4948.

Circuit Court of Appeals, Third Circuit.

Jan. 31, 1933.

N. S. Winnet and B. I. de Young, both of Philadelphia, Pa., for appellant.

Yale L. Schekter, James S. Clifford, Jr., and Williams, Brittain & Sinclair, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges.

PER CURIAM.

On hearing the defendants' motion in the court below to dismiss plaintiff's bill in equity, the court held as follows:

"If this case is to be considered at all as a possible subject of equity jurisdiction, it must be as a creditors' bill to reach property fraudulently transferred by a debtor. The mere fact that there is an allegation that money has been obtained from the plaintiff through fraud is insufficient to give equity jurisdiction. Curriden v. Middleton, 232 U. S. 633, 34 S. Ct. 458, 58 L. Ed. 765; United States v. Bitter Root Development Company, 200 U. S. 451, 26 S. Ct. 318, 50 L. Ed. 550; Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451.

"The bill alleges that the plaintiff delivered certain tractors and parts to Motor Mileage Corporation (not named as a defendant), and that thereafter Motor Mileage Corporation, aided and abetted by the defendants, proceeded to strip itself of all its assets (including the tractors so delivered) by means of a series of fictitious and fraudulent leases and incumbrances placed upon the tractors, by virtue of which Motor Mileage Corporation paid out large sums of money under the pretense that they were rental, finance charges, insurance rates, etc., and in pursuance of which Motor Mileage Corporation finally assigned all its remaining assets, including the tractors themselves, to certain of the defendants.

"Putting aside for the moment the question whether, to maintain this bill, the plaintiff must be a judgment creditor, the foregoing facts would state a cause of action if the bill included an averment that the plaintiff was a creditor of Motor Mileage Corporation. Upon this vital point, however, the bill is nebulous to say the least. The averment is that the tractors were delivered to Motor Mileage Corporation in pursuance of an agreement, not with that corporation but with one of the defendants, Automotive Equipment Corporation, for a total purchase price of $91,380. Thereafter Motor Mileage Corporation took title to the same 'according to the understanding between the parties hereto.' So far, nothing is averred by which Motor Mileage Corporation became a debtor of the plaintiff.

"It is further stated that Kennedy, another defendant, represented that he was purchasing the tractors for Motor Mileage Corporation 'and that the contract was being signed by * * * Automotive Equipment Corporation which was * * * controlled entirely by Motor Mileage Corporation and * * * Finance Corporation of America * * * and was the purchasing agent for Motor Mileage Corporation.' Then, says the bill, the plaintiff investigated and discovered that Finance Corporation of America actually did control both Motor Mileage Corporation and Automotive Equipment Corporation, and that it held itself out as the financial manager and comptroller of Motor Mileage Corporation, and as a result of this investigation the contract was entered into.

"It may be that the plaintiff means to say that the contract actually was made by Automotive Equipment Corporation as the agent for Motor Mileage Corporation, and that by the transaction Motor Mileage Corporation became the debtor of the plaintiff and liable to it for the purchase price of the tractors. If this is what is meant, the plaintiff has taken a very obscure way to make it known. The allegation is that one Kennedy, who conducted the negotiations, represented that Automotive Equipment Corporation was the agent for Motor Mileage Corporation. He was an officer of both companies, and, if the intention of all parties was to bind Motor Mileage Corporation to pay the price, there would be sufficient in the bill to move me to permit the plaintiff to amend and say so.

"Defendant's counsel assumes that the theory of the bill is an alleged fraudulent transfer by Automotive Equipment Corporation. This theory eliminates the difficulty as to the plaintiff's position as a creditor; but the trouble is that there is no averment of fraudulent conveyance of Automotive Equipment's property to any one. According to the bill, Automotive Equipment Corporation never had title to the tractors in question, but the same was conveyed directly by the plaintiff to Motor Mileage Corporation, and whatever money passed between these corporations as a result of the alleged fictitious leases was paid to Automotive Equipment Corporation, and not by it.

"However, there is another and more serious difficulty with the plaintiff's case; the plaintiff has not obtained judgment. Ordinarily a simple contract creditor cannot come into equity to pursue the property of a debtor, fraudulently transferred. Swan Land & Cattle Company v. Frank, 148 U. S. 603, 13 S. Ct. 691, 37 L. Ed. 577; Hollins v. Brierfield Coal & Iron Company, 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; Harrison v. Triplex Gold Mines, Ltd. (C. C. A.) 33 F.

170

(2d) 667; Maxwell v. McDaniels (C. C. A.) 184 F. 311; Kentucky Wagon Mfg. Co. v. Jones & Hopkins Mfg. Co. (C. C. A.) 248 F. 272; White v. Croker (C. C. A.) 13 F.(2d) 321; Cobb v. Interstate Mtge. Corporation (C. C. A.) 20 F.(2d) 786. Of course there are exceptions to this general rule, as where there is property which may be reached in equity for the satisfaction of the plaintiff's claim, but which cannot be reached at law, so that the obtaining of a judgment would be a useless step. Or where the property conveyed is impressed with a trust. But the mere insolvency of the debtor is not sufficient. Home Mortgage Company v. Ramsey (C. C. A.) 49 F.(2d) 738. This is because the inadequacy or failure of remedies at law is not the only condition precedent to jurisdiction involved. If it were, of course, the bankruptcy of the debtor would be all that need be shown. But the claim against the debtor must be established and liquidated in some way, and ordinarily a judgment at law is necessary for this purpose, though a decree in an equity suit in which jurisdiction has already attached is sufficient, as in Empire Lighting Fixture Company v. Practical Lighting Fixture Company (C. C. A.) 20 F.(2d) 295, where the claim was for profits for patent infringement which had been settled and liquidated by a decree. Or the claim may be admitted, in which case a judgment is unnecessary. Or the debtor's rights may be waved, as when he absconds leaving no property in the jurisdiction. Williams v. Adler-Goldman Commission (C. C. A.) 227 F. 374. In re Bartlett Oil & Gas Corporation (D. C.) 44 F.(2d) 616.

"But in this case there is nothing to take the proceeding out of the general rule which prescribes a judgment as a condition precedent. It would therefore be useless to allow an amendment of the plaintiff's bill suggested in order to define more clearly its cause of action.

"The bill will be dismissed with costs."

After due consideration of the arguments and briefs of counsel, we find no error in the lower court's action. The involved facts, the relations of the parties, the pertinent law, and indeed the entire case is so fully discussed that an opinion by this court would be merely a studied effort to put into changed language what has been sufficiently discussed in the lower court's opinion. To avoid needless repetition, we limit ourselves to adopting that opinion as our own, and affirming the case.