### GENERAL FILM CO. v. SAMPLINER.

(Circuit Court of Appeals, Sixth Circuit. April 4, 1916.)

No. 2752.

1. **COURTS** ⟷351—**DISCOVERY** ⟷4, 6—**FEDERAL COURTS**—**BILL OF DISCOVERY IN AID OF ACTION OR DEFENSE AT LAW.**

Statutory provisions of a state, under which a party to an action at law may require the production of books or writings containing evidence in advance of trial, do not apply to procedure in the federal courts; but Rev. St. § 724 (Comp. St. 1913, § 1469), authorizes the court to require the production of such evidence "in the trial of actions at law." While this provision does not deprive a court of equity of jurisdiction to entertain a bill of discovery in aid of an action at law before trial, it is intended as a substitute for such bill, and the equitable jurisdiction will not be exercised to require a plaintiff to produce in advance evidence which is necessary to sustain his action, nor unless it appears that the party asking the discovery has good ground for asserting the fact sought to be proved by such evidence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⟷ 351; Discovery, Cent. Dig. §§ 5, 7; Dec. Dig. ⟷4, 6.]

2. **CHAMPERTY AND MAINTENANCE** ⟷4(8)—**CHAMPERTY AS DEFENSE**—**PLEADING.**

The defense of champerty need not be pleaded; but, if it appears on the trial that a contract is void as against public policy, the court is bound to so declare, and deny relief.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. § 19; Dec. Dig. ⟷4(8).]

3. **DISCOVERY** ⟷6—"FISHING BILL."

A discovery, sought upon suspicion, surmise, or vague guesses, is called a "fishing bill," and will be dismissed.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 7; Dec. Dig. ⟷6.]

Appeal from the District Court of the United States for the Northern District of Ohio; John H. Clarke, Judge.

Bill of discovery by the General Film Company against Joseph H. Sampliner. Bill dismissed, and complainant appeals. Affirmed.

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Richard Inglis and Bulkley, Hauxhurst, Inglis & Saeger, all of Cleveland, Ohio (Caldwell, Masslich & Reed, of New York City, of counsel), for appellant.

J. H. Sampliner, of Cleveland, Ohio, pro se.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

KNAPPEN, Circuit Judge. The appellee (whom we shall call plaintiff), claiming to be the assignee of the Lake Shore Film & Supply Company, brought suit at law against appellant in the court below for treble damages, alleged to have accrued to the Lake Shore Company under the Sherman Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [Comp. St. 1913, §§ 8820–8830]) by reason of an alleged conspiracy to monopolize the motion-picture business of the United States and to restrict trade and commerce therein between the several states, and for other alleged unlawful and injurious acts.

The petition in the suit at law alleged that, on or about a date named, plaintiff "became the owner by assignment, of all the right, title and interest of the Lake Shore Film & Supply Company * * * in and to all its claim for damages by it sustained, by reason of the violation of" the federal act referred to, "by the various parties hereinafter specifically mentioned." Appellant answered the petition specifically denying the alleged assignment to plaintiff. Later, appellant filed its bill in equity in the same court, setting up the suit at law, including the claimed assignment to plaintiff and its denial thereof. The bill further alleged on information and belief that the Lake Shore Company had "never assigned by proper, legal and binding corporate action, any such alleged cause of action, * * *" appellant stating as the source, among others, "of its information and ground of its belief," certain testimony given in advance of the trial of the action at law by an officer and director of the Lake Shore Company at the date of the alleged assignment. It also alleged the request of appellant for an inspection of the assignment "to ascertain whether or not the same was duly made," and plaintiff's refusal to exhibit the assignment or a copy of it; also that appellant "is desirous of examining said assignment and ascertaining its validity for the purpose of substantiating its defense against said action at law * * * and further to substantiate the position of your petitioner * * * that if said alleged cause of action was in form assigned to [plaintiff] the attempt to assign the same was champertous, and also that the [plaintiff] in such case, is not the real party in interest to bring any suit on said alleged cause of action." The bill also alleged inability to ascertain and prove the facts as to the alleged assignment without an inspection of the instrument, inability to obtain inspection except by bill of discovery, and possession by plaintiff of the assignment, and prayed that plaintiff "be required to appear under oath and testify as to the form and manner of said alleged assignment, and if said alleged assignment is in writing, to permit the plaintiff [appellant] to inspect the same and take copies thereof."

Appellee made a motion to dismiss the bill, presumably under gen-

cial equity rule No. 29 (198 Fed. xxvi, 115 C. C. A. xxvi). The motion was sustained and the bill dismissed for the reasons, stated by the District Judge, that appellant had an undoubted right to compel production of the assignment at the trial, and that the proceeding in equity was clearly "a fishing expedition upon the part of the defendant in the suit at law, for the purpose of procuring inspection of the assignment to Sampliner for the purpose of using it if it serves its purpose or of not using it if it proves unfavorable." The appeal is from this decree of dismissal.

[1] The Ohio Statutes (G. C. §§ 11551 and 11552) empower the court, in an action at law, to require a party to produce books and writings which contain evidence pertinent to the issues "in cases and under circumstances where they might heretofore have been compelled to produce them by the ordinary rules of chancery," and give either party the right to demand of his adversary an inspection and copy, or permission to take a copy, of a book, paper or document in the adversary's possession containing evidence relative to the merits of the action or defense. But state statutes of this nature are held inapplicable to the procedure in federal courts, either under section 721 of the Revised Statutes (Comp. St. 1913, § 1538), which gives, with certain exceptions, to the laws of the several states the effect, in the courts of the United States, of rules of decision in trials at common law, or under the Conformity Act (section 914 [Comp. St. 1913, § 1537]), and because of section 861 of the Revised Statutes (Comp. St. 1913, § 1468), which provides that the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, subject to certain exceptions which the instant case does not present. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; Hanks Dental Ass'n v. International, etc., Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989.

Section 724 of the Revised Statutes (Comp. St. 1913, § 1469) empowers the courts of the United States "in the trial of actions at law" to require the parties "to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery." But the words *"in the trial"* have been authoritatively construed to mean *"on or at the trial,"* and so not to authorize a requirement of such production *"before the trial."* Carpenter v. Winn, 221 U. S. 533, 538, et seq., 31 Sup. Ct. 683, 55 L. Ed. 842. In the latter case it was said by Mr. Justice Lurton (221 U. S. 539, 31 Sup. Ct. 685 [55 L. Ed. 842]) that procedure for discovery in chancery of evidence material to the maintenance or defense of an action at law "is still open if it is desired to have the evidence produced before the trial. A court of equity does not lose its jurisdiction to entertain a bill for the discovery of evidence or to enjoin the trial at law until obtained, because the powers of the courts of law have been enlarged so as to make the equitable remedy unnecessary in some circumstances." While this statement was perhaps unnecessary to a decision of the question before the court, we should accept it as authoritative. It has been so

232 F.—7

accepted by other courts;[1] and the proposition receives support from Southern Pacific R. R. Co. v. United States, 200 U. S. 341, 351, 26 Sup. Ct. 296, 50 L. Ed. 507, as well as from the authorities cited in Carpenter v. Winn. The discovery obtainable by bill in equity is, of course, by answer. 1 Bates, Fed. Eq. Proc. § 118.

The District Court thus had *jurisdiction* to entertain a bill of discovery in aid of the action at law. The question is whether appellant's bill presents a case calling for the *exercise* of such power. The discovery sought relates to two matters of defense to the action at law: (a) That plaintiff is not the real party in interest, and (b) that the assignment is champertous.

The first defense, except so far as involved in the defense of champerty, is presented by a denial of plaintiff's allegation of the assignment under which he claims. This denial puts upon plaintiff in the suit at law the burden of proving the assignment, and he cannot well make such proof without a production of the written assignment, if it exists. A defendant in a suit at law is not entitled to a discovery in equity of his adversary's evidence sustaining his action. Carpenter v. Winn, supra, 221 U. S. at page 540, 31 Sup. Ct. 683, 55 L. Ed. 842, and cases there cited. It is obvious that further information by way of discovery is unnecessary to enable appellant to properly plead this defense. Indeed, it has already so pleaded.

As to the defense of champerty: It is the rule that in order to entitle a defendant in an action at law to a discovery of evidence in his adversary's possession it must appear that defendant has good ground for asserting the fact that the evidence will so disclose, and usually he is required to give the sources of his information. "A discovery sought upon suspicion, surmise or vague guesses is called a 'fishing bill,' and will be dismissed." Carpenter v. Winn, supra, 221 U. S. at page 540, 31 Sup. Ct. 683, 55 L. Ed. 842, and cases there cited. See Childs v. Railway Co., supra, 221 Fed. at page 223, 136 C. C. A. 629. The fact that there is an available statutory remedy by way of inspection upon the trial, and that the object of the federal statute is, as stated in Carpenter v. Winn, supra (221 U. S. 537, 31 Sup. Ct. 683, 55 L. Ed. 842), "to provide a substitute for a bill of discovery in aid of a legal action," or as stated in American Lithographic Co. v. Werckmeister, 221 U. S. at page 609, 31 Sup. Ct. 676, 55 L. Ed. 873, "to provide, by motion, a substitute quoad hoc for a bill of discovery in aid of a legal action," furnishes ample reason for at least adhering to the ancient strictness affecting the remedy by bill.

[3] While the bill in this case alleges certain information to the effect that there has not been a valid and legal assignment to plaintiff, yet as respects the defense of champerty the statement is merely that petitioner desires to examine the assignment to ascertain its validity "to substantiate the position of your petitioner * * * that if such alleged cause of action was in fact assigned to said * * * Samplin-

1 United Cigarette Mach. Co. v. Winston, etc., Co. (C. C. A. 4th Cir.) 194 Fed. 947, 957, 114 C. C. A. 583; Cheatham Electric, etc., Device v. American Automatic Switch Co. (D. C.) 198 Fed. 496; Childs v. Railway Co. (C. C. A. 8th Cir.) 221 Fed. 219, 223, 136 C. C. A. 629.

er, the attempt to assign the same was champertous." This manifestly fails to allege the existence of reasonable ground for believing that the assignment was champertous, and the proceeding was thus, as held by the district court, "a fishing bill" within the authorities, and was rightly dismissed. We are the better content with this conclusion from the fact that it is difficult to see how plaintiff can be prejudiced by such dismissal. Several pertinent suggestions present themselves:

Appellant has the absolute right under the statute to inspect the assignment upon the trial of the action at law, which, apart from the question of pleading, would ordinarily seem an adequate protection. United States v. Bitter Root Co., 200 U. S. 451, 475, 26 Sup. Ct. 318, 50 L. Ed. 550. He has also the right to oral examination of the adverse party upon the trial. Were it necessary to plead champerty, it not only may be pleaded upon belief, but it would seem almost a matter of course to permit amendment upon the trial of the action at law, under the issue framed as to the validity and effectiveness of the assignment to plaintiff, to meet a champertous situation if developed.

[2] But the defense of champerty is not usually required to be pleaded. When it appears upon the trial, even in the absence of pleading, that a contract is void as against public policy, the court is bound to hold the contract void and deny relief. Oscanyan v. Arms Co., 103 U. S. 261, 266, 26 L. Ed. 539; Lee v. Johnson, 116 U. S. 48, 52, 6 Sup. Ct. 249, 29 L. Ed. 570; Peck v. Heurich, 167 U. S. 624, 627, 629, 17 Sup. Ct. 927, 42 L. Ed. 302 et seq; Brown v. Ginn, 66 Ohio St. 316, 324, 325, 64 N. E. 123. In Peck v. Heurich, supra, the defense was the general issue (167 U. S. 625, 17 Sup. Ct. 927, 42 L. Ed. 302), but the court dismissed the proceeding when it appeared on the trial that the conveyance was champertous. In Brown v. Ginn, supra, the plea was only that the plaintiff was not the real party in interest (66 Ohio St. 317, 64 N. E. 123); but when it appeared on the trial that the assignment was champertous it was held (66 Ohio St. 325, 64 N. E. 123) that even if the legal title to the right of action rested in the assignee, "so as to constitute him the real party in interest, and thus enable him to bring the action in his own name, such action can not be maintained because against public policy." The fact that in the earlier case of Stewart v. Welsh, 41 Ohio St. 483, 502, the defense of champerty seems to have been pleaded is not significant. That case does not involve the question of the necessity of pleading.

The decree of the District Court dismissing the bill of complaint is affirmed with costs.