GALION IRON WORKS CO. et al. v. OHIO CORRUGATED CULVERT CO. et al.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1917.)

No. 3002.

1. INJUNCTION ☞118(4)—SUIT TO ENJOIN ACTIONS AT LAW—SUFFICIENCY OF BILL.

A bill filed by the defendant in five actions at law in the same court brought by different territorial licensees for infringement of the same patent, alleging that all the actions involved the same questions, and praying that all be stayed except one to be selected and tried as a test case, *held* not to state a cause of action for equitable relief; there being no allegation that the several plaintiffs had refused to join in making a test case, and it not appearing that the court could not on motion in the law cases so regulate their hearing as to prevent hardship or oppression.

2. DISCOVERY ☞9, 19—IN EQUITY—NECESSITY FOR EVIDENCE.

It is essential that a bill of discovery disclose a substantial necessity for the relief, and such a bill in aid of a defense at law cannot be maintained with the result of delaying the orderly prosecution of the action at law, where complainant is in possession of ample proof of the allegations in aid of which the evidence is sought, or where such evidence is plainly cumulative or comparatively unimportant.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke and John M. Killits, Judges.

Bill in equity by the Galion Iron Works Company and others against the Ohio Corrugated Culvert Company and others. From a decree dismissing the bill, complainant appeals. Affirmed.

Complainant below, the Galion Company, was engaged in manufacturing and selling, throughout the United States, a corrugated steel culvert. A patent touching this subject-matter had been issued to James H. Watson, and he

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

had subdivided the United States into 31 districts, granting 31 licensees the exclusive right to make, use, and sell the invention within their respective districts. The patent having expired, the Ohio Corrugated Culvert Company brought a suit at law against the Galion Company in the court below for infringement of this patent through sales made by the Galion Company within the exclusive territory of the Ohio Company. Four others of these territorial licensees brought, in the same court, four other similar suits. Thereupon, the Galion Company filed in the same court a bill in equity making defendants thereto all the territorial licensees, and praying, first, that four of the pending suits, and the twenty-six other suits alleged to be threatened by the other licensees, be enjoined pending the hearing and disposition of one case to be selected as a test case, by the result of which the others must abide; and praying, second, discovery of various matters said to be essential to the making of the proper defense to the suits at law. No one of the five plaintiffs, in the suits brought, was a resident of Ohio or had any agent therein upon whom service of process could be made; but, upon the theory that the bill was ancillary to the suits at law, complainant made a motion for an order that service be directed upon the plaintiffs' counsel of record in the lawsuits. A motion was also made for leave to file interrogatories and for an order that answers be made thereto. In opposition to these motions, it was insisted that the bill did not state a case entitling the complainant to any relief in equity, and the District Court, being convinced that this view was correct, dismissed the bill. The Galion Company brings this appeal.

Harry Frease, of Canton, Ohio, for appellants.

George Mankle, of Chicago, Ill., for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). [1] In so far a's injunction was sought against the prosecution of more suits than one, and by analogy to the nomenclature most nearly appropriate, this may be named a bill of peace. Assuming to the fullest extent complainants' general theories of this particular remedy, we agree with the court below that the facts here disclose no sufficient reason for the exertion of the powers of a court of equity through an independent bill. The apprehended suits were threatened by parties not within the jurisdiction of the court, and against whom there could be no relief. The five existing suits were pending in the same court before the same judge. There is no satisfactory and sufficient allegation that the several plaintiffs declined to enter into any reasonable arrangement whereby one suit should become a test case; nor, if the allegations on this subject be thought sufficient, does any reason appear why the court would not, upon motions in the law cases, regulate their hearing so as to prevent hardship or oppression. If it be true that all the licensees had a common interest in all the cases in that each suit is in fact prosecuted for the benefit of all—as is now claimed—this fact can be developed without difficulty as other facts are proved in cases at law, and a judgment in one case would become an adjudication in the others. Penfield v. Potts (C. C. A. 6) 126 Fed. 475, 61 C. C. A. 371; Greenwich Co. v. Friedman (C. C. A. 6) 142 Fed. 944, 74 C. C. A. 114. Indeed, counsel for appellees on the hearing in this court offer to join in any reasonable stipulation to make one case the test of others, or to use in one proofs in another, and we assume that

they will, in the court below, adhere to this offer. Upon the whole and upon this branch of the case, we see no sufficient basis for the suit.

[2] Coming to the subject of bills of discovery: For the purposes of this opinion, but without deciding, we may assume that appellants are right in their positions, which they base upon Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842. See, also, Cheatham Co. v. American Co. (D. C.) 198 Fed. 496; General Film Co. v. Sampliner (C. C. A. 6) 232 Fed. 95, 146 C. C. A. 287. These are: (1) The jurisdiction of a federal court of equity continues unimpaired to entertain a bill for discovery only filed in aid of the claim, affirmative or negative, made in another suit by the party who files the bill; (2) the various existing methods to procure evidence in proceedings at law are not "remedies," as that word is used in R. S. § 723 (Comp. St. 1916, § 1244); and (3) the cases like Brown v. Swann, 10 Pet. 497, 9 L. Ed. 508, and United States v. Bitter Root Co., 200 U. S. 451, 26 Sup. Ct. 318, 66 C. C. A. 652, which intimate that it must appear that the evidence can be obtained in no other way, were cases brought for discovery and relief, and, consequently, are not pertinent. Conceding all these contentions and the further claim that the right in a proper case to have a decree for discovery is absolute and not discretionary with the court (Bell v. Pomeroy, Fed. Cas. No. 1,263), it still must be essential that the bill disclose a substantial necessity for the relief. There is neither precedent nor—as we think—reason for the institution of an independent proceeding in equity, delaying or tying up the orderly prosecution of a suit at law, if the only thing to be gained is the disclosure of evidence comparatively unimportant or merely cumulative. This bill discloses that the Galion Company is in the possession of ample and satisfactory proof of a great part of the things alleged; but, as to the remainder (and with one exception), it seems to pertain to matters which are relatively unsubstantial or are plainly cumulative. More specifically, the Watson patent has been sustained by the Court of Appeals for the Second Circuit. Its opinion discloses that the widespread public adoption of the device was an element of importance in determining that the invention was patentable.

The present bill alleges that this public adoption, and such public acquiescence in the patent as there was by decree or otherwise, resulted from other causes than the merits of the patent, e. g., combinations and promotive plans among the territorial licensees, payments and concessions to induce the cessation of any infringement and to procure consent decrees, the control through another patent of the only suitable material, etc., and it sets out much evidence of the same class and to the same effect already in the possession of the Galion Company. The careful analysis of the bill, found in appellant's brief, shows that seven of the eight points covered pertain each to an item of evidence tending to establish some one of these facts, which fact, in turn, tends to discredit the drawing of any presumption of patentable novelty from the history of the public adoption of the patented article, but no one of which is controlling as to the ultimate inference. We are clear that such things are beyond any scope which, under the most liberal construction, can now be permitted for bills of discovery.

The eighth point pertains to the common interest of all licensees in every suit by any one of them, and this can be material only because it may disclose a lack of right by one licensee to sue alone or because a judgment in one case will be a bar to the others. As to the first reason, in that event the bill would affect the title of the adverse party, and be a fishing bill. As to the second, there is no room to claim a former adjudication, until there has been a. judgment, and the Galion Company's rights are protected by the control which the law court has over the five pending suits.

The decree below is affirmed.