GENERAL FILM CO. v. SAMPLINER.

(Circuit Court of Appeals, Sixth Circuit. August 3, 1918.)

No. 3141.

1. CHAMPERTY AND MAINTENANCE ☞6(5)—AVAILABILITY OF CHAMPERTY AS DEFENSE—ACTION AT LAW.

The champertous character of an action at law is available as a defense to that action, though not pleaded.

2. ASSIGNMENTS ☞126—AVAILABILITY OF NONASSIGNMENT AS DEFENSE.

Nonassignability of cause of action is as available as defense in action at law based on such cause of action as it is available as ground in support of suit in equity to restrain prosecution of such action.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. JUDGMENT &wrong551, 627—CONCLUSIVENESS—CHAMPERTOUS ASSIGNMENT—PRIVITY.

The effect of a previous adjudication that the assignment was champertous, made in favor of a party with whom defendant was in privity, at the suit of the same plaintiff, is as available in suit at law as in equity, although defendant therein was not a party to, nor does his privity appear of record in, the previous suit.

4. COURTS &wrong342—EQUITABLE DEFENSE IN ACTION AT LAW.

Defense that judgment for defendant, on its defense of champerty in assignment to plaintiff, was equitable estoppel in subsequent action at law against a defendant, who was not a party to the former action, but was in privity with defendant therein, is as available in federal courts in the subsequent action, as in new suit in equity.

5. INJUNCTION &wrong26(5)—VEXATIOUS ACTION.

Suit on assigned cause of action will not be enjoined on the ground it is in bad faith, vexatious, and an abuse of court's process, because of judgment for defendants in former action on same assignment, to which action defendant was not a party, unless such judgment clearly and conclusively estopped subsequent action; so held in a case where time for seeking review of such judgment had not expired.

6. CANCELLATION OF INSTRUMENTS &wrong4—RIGHT TO CANCELLATION—EQUITY—JURISDICTION.

Equity has jurisdiction to cancel an instrument which is clearly illegal, but which on its face is valid, and so is capable of a wrongful and vexatious use, where such cancellation is necessary to protection to parties otherwise liable to injury, actual or threatened, from the fact that the instrument is outstanding.

7. INJUNCTION &wrong26(6)—DEFENSE TO ACTION—IRREPARABLE DAMAGE.

Where a party has a good defense at law to a purely legal demand, he must be left to that means of defense, unless he alleges and proves special circumstances showing that he may suffer irreparable damage, if he is denied a preventive remedy.

8. INJUNCTION &wrong26(4)—MULTIPLICITY OF SUITS—EQUITY.

Generally, in order to make multiplicity of suits a ground for interposition of equity, more than one suit must have been commenced, or at least about to be begun, and such interposition must be necessary as protection from continued and vexatious litigation.

Appeal from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by the General Film Company against Joseph H. Sampliner. From decree of dismissal, complainant appeals. Affirmed.

Bulkley, Hauxhurst, Saeger & Jamison, of Cleveland, Ohio (H. Austin Hauxhurst, of Cleveland, Ohio, and Wm. M. Seabury, of New York City, of counsel), for appellant.

John G. White, J. H. Sampliner, Thomas L. Johnson, A. V. Cannon, C. A. Neff, and Lawrence C. Spieth, all of Cleveland, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. On July 30, 1913, appellee, claiming to be the assignee of the Lake Shore Film & Supply Company, brought suit at law against appellant in the court below for treble damages ($303,000), alleged to have accrued to the Lake Shore Company under

&wrongFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Sherman Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [Comp. St. 1916, §§ 8820–8823, 8827–8830]) by reason of an alleged conspiracy to monopolize the motion picture business of the United States and to restrict interstate trade and commerce therein. Appellant thereafter filed its bill on the equity side of the court below, for discovery in aid of two asserted defenses to the action at law: (a) That plaintiff therein is not the real party in interest; and (b) that the alleged assignment is champertous. On appellee's motion, Judge (now Mr. Justice) Clarke dismissed the bill. This court affirmed the decree of dismissal April 4, 1916. General Film Co. v. Sampliner, 232 Fed. 95, 146 C. C. A. 287.

October 1, 1917, appellant filed a second bill in equity in the court below to permanently enjoin the prosecution of the pending suit at law, as well as the institution and maintenance of further suits for the same cause of action. The grounds on which the right to relief is based are: (1) That the suit at law is champertous, in that the sole consideration for the assignment from the Lake Shore Company to appellee was the discharge of the latter's claim for legal services to the assignor of the alleged value of $5,000, and his agreement to render further legal services to his assignor if the same should be deemed necessary, the assignment being taken (as alleged) with knowledge that the assignor was unable to and would not pay or advance any of the costs and expenses of the proposed suit, that appellee would be obliged to make large advances of that nature, and in the belief that at least $75,000 damages could be proven in the action, that appellee's acts were in violation of both the statutes and common law of Ohio, forbidding the purchase of a claim by an attorney at law for the purpose of suit thereon, and that the claim in suit was thus not assignable to plaintiff; (2) the later institution by appellee (in January, 1917) of an action at law in the District Court of the United States for the Southern District of New York against the Motion Picture Patents Company and others (not including appellant) to recover $750,000 as treble damages for the same alleged violation of the Anti-Trust Act as involved in the suit at law pending in the court below, and the trial of the cause in the District Court in New York under the defense of champerty there presented, resulting in verdict and judgment (June 14, 1917) in favor of defendants therein and against appellee (243 Fed. 277), this judgment being alleged (through an asserted privity between appellant and the defendants in the New York suit) to work an equitable estoppel against the further prosecution of the action at law below;[1] (3) that the further prosecution of the suit at law in the court below (since the judgment in the New York court) is in bad faith, vexatious, and an abuse of the court's process, and that a multiplicity of vexatious and unconscionable suits is threatened against each and all of the parties defendant in the New

---

[1] The alleged cause of action assigned to appellee ran against eleven corporations and individuals besides appellant. The New York suit was in form against all these parties except appellant. Among the defendants were included certain individuals alleged to be owners, officers, directors, or representatives of the parties, as well as of appellant. Not all seem to have been served with process.

York suit, who are asserted to have an interest as stockholders and otherwise in appellant, which is alleged to be herein acting in their behalf as well as its own. On appellee's motion Judge Westenhaver dismissed the bill, upon grounds which may be summarized as two: First, that the defenses that the contract of assignment from the Lake Shore Company to appellee is champertous and speculative, that the claim for damages under the Anti-Trust Act is not assignable, and that the proceedings and judgment in the New York suit have worked the claimed estoppel and adjudication, are each and all available as defenses to the suit at law pending below; second, that the asserted speculative and unprofessional nature of appellee's conduct in obtaining the assignment and prosecuting action thereon, and the alleged abuse thereby of the process of the court, furnish no ground for enjoining the prosecution of the action at law.

From this latter decree of dismissal this appeal is taken. We think, the District Court clearly right in dismissing the bill as against the grounds of jurisdiction specifically relied upon below.

[1] 1. Assuming, but without so deciding, that appellee's suit at law against appellant is champertous, we yet have no doubt that such defense is as available in that action at law as in this suit in equity. The bill for discovery passed upon in General Film Co. v. Sampliner, supra, 232 Fed. 95, 146 C. C. A. 287, was framed upon the express theory that the defense of champerty was, or was desired to be, presented in the suit at law. Whether there actually pleaded or not is immaterial, in view of what was said by us in affirming the dismissal of that bill. The cases cited (page 99) amply sustain the admissibility of the defense at law.

[2] 2. If, in spite of cases like United Copper Securities Co. v. Amalgamated Copper Co., 232 Fed. 574, 146 C. C. A. 532 (C. C. A. 2), and Imperial Film Exchange v. General Film Co. (D. C.) 244 Fed. 985, a cause of action for treble damages under the Sherman Anti-Trust Act is not assignable, or even if otherwise assignable, yet if appellee's relations towards its assignor, and the consideration, circumstances, and purposes of his acquisition of its claim against appellant makes it nonassignable, it is equally clear that such defenses are as available at law as in equity.

3. The asserted effect of the New York judgment as an adjudication in favor of appellant here rests, in part, at least, upon an alleged privity between appellant and the Motion Picture Patents Company, the defendant in the New York suit, resulting from the alleged fact that appellant was "organized and controlled by said Patents Company and said licensed manufacturers," [2] who appeared in the New York action as parties defendant. Counsel say in brief that under these circumstances the right to plead the New York judgment as a defense to the Ohio action at law is doubtful. The bill in terms asserts that the New York judgment is not "a strict bar" to the suit at law below, but that

[2] The bill in the New York suit includes in the term "licensed manufacturers" all those against whom the alleged cause of action ran except appellant and the Motion Picture Patents Company.

it constitutes an equitable bar, adjudication, and estoppel against "again asserting" the issues involved in the New York action.

We are referred to no pertinent authorities which, to our minds, recognize any distinction in this regard between law and equity. The general principle that a question distinctly put in issue as a ground of recovery cannot be disputed in a subsequent suit between the same parties, or their privies—elaborately discussed in Southern Pacific R. R. Co. v. United States, 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355, and following—is equally applicable to suits at law and in equity. The fact that one against whom an adjudication is urged was not a party to, or that his privity does not appear of record in, the previous suit does not prevent the application of the doctrine of res judicata or estoppel.

In Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 Sup. Ct. 506, 61 L. Ed. 1148, the principle of res judicata was applied in the case of two patent infringement suits, the defendant in one of which was a corporation which manufactured the alleged infringing articles, the other a second corporation whose shares were owned and whose conduct was controlled by the first corporation. In Penfield v. Potts, 126 Fed. 475, 61 C. C. A. 371, this court applied the same principle against defendants in a number of separate suits for infringement of the same patent who, with plaintiff's knowledge, had joined in and contributed to the defense in each suit. In Greenwich Ins. Co. v. Friedman, which was a suit at law, this court applied the doctrine of Penfield v. Potts to the case of insurance companies which had united in making a common defense to actions upon the policies brought severally against them (142 Fed. 944, 74 C. C. A. 114), certiorari denied by the Supreme Court (200 U. S. 621, 26 Sup. Ct. 758, 50 L. Ed. 624).

In Galion Iron Co. v. Ohio, etc., Culvert Co., 244 Fed. 427, 157 C. C. A. 53, an Ohio case in which a bill in equity was filed by a defendant in five actions at law by different licensees for infringement of the same patent, praying that all be stayed except one to be selected and tried as a test case, this court, in affirming the decree dismissing the bill, said (244 Fed. 428, 157 C. C. A. 53):

"If it be true that all the licensees had a common interest in all the cases, in that each suit is in fact prosecuted for the benefit of all—as is now claimed —this fact can be developed without difficulty as other facts are proved in cases at law, and a judgment in one case would become an adjudication in the others."

[3, 4] We see no reason why the principle of these cases is not equally applicable to the instant case, provided privity between appellee here and the defendants in the New York suit shall be established. Appellee disputes such legal or equitable privity. Without intimating an opinion upon this question, we content ourselves with holding that the effect upon appellee of the New York judgment, whatever it may be, is as available in the defense of the pending suit at law as in the instant suit in equity.

[5] 4. Unless the judgment in the New York suit clearly and conclusively constitutes an adjudication or works an estoppel against appellee, the charge that the further prosecution of his pending suit at law

(begun in advance of the New York action) is in bad faith, vexatious, and an abuse of the court's process, is without merit so apparent as to justify a restraining of that suit. The same is true as respects the avoidance of a multiplicity of suits. So far as appears, no obstacle exists to an early trial of the pending suit at law in the court below, if desired by appellant. The judgment of the District Court in the New York suit is not final, and when the bill in this cause was filed the statutory time for seeking its review had not expired. We have no reason to think it is not in process of review. Our understanding is otherwise. We express no opinion as to the correctness of the New York judgment.

[6, 7] 5. It is, however, contended in this court—and this seems to be appellant's most prominently urged ground of relief—that its only adequate and complete remedy is a cancellation of the assignment from the Lake Shore Company to appellee. It is the undoubted general rule that a court of equity has jurisdiction to cancel an instrument which is clearly illegal, but which on its face is valid, and so is capable of a wrongful and vexatious use, and that it will exercise such jurisdiction when necessary to afford complete protection to parties otherwise liable to injury, actual or threatened, from the fact that it is outstanding. Such jurisdiction has been frequently exercised in canceling deeds or other evidences of title to real estate, recorded or susceptible of record, which, until canceled, constitute a cloud on title (as in Ingersoll v. Crocker [C. C. A. 6] 228 Fed. 844, 852, 143 C. C. A. 242); deeds which are prima facie evidence of the regularity of proceedings connected with tax assessments and sales (as in Rich v. Braxton, 158 U. S. 375, 407, 15 Sup. Ct. 1006, 39 L. Ed. 1022); or negotiable bills and notes, or a guaranty upon negotiable bonds, fair on their face, which might otherwise pass into the hands of bona fide purchasers (see Insurance Co. v. Bailey, 13 Wall. 616, 622, 20 L. Ed. 501; L. & C. R. Co. v. Louisville Trust Co., 174 U. S. 552, 567, 19 Sup. Ct. 817, 43 L. Ed. 1081). Yet, whatever may be the rule in certain state jurisdictions, it is well established in the courts of the United States that where a party, assuming his theory of the controversy to be correct, has a good defense at law to a "purely legal demand," he must be left to that means of defense, unless he is prepared to allege and prove special circumstances showing that he may suffer irreparable injury if he is denied a preventive remedy. Insurance Co. v. Bailey, supra, 13 Wall. 623, 20 L. Ed. 501; Cable v. Insurance Co., 191 U. S. 288, 305, 306, 24 Sup. Ct. 74, 48 L. Ed. 188, in each of which cases the right of an insurance company to maintain bill in equity for cancellation of an insurance policy claimed to have been fraudulently procured was denied.

So far as appellant's rights on its own account are concerned it clearly will be protected by a judgment in its favor in the pending action at law in the court below. The case as to these rights is ruled by Insurance Co. v. Bailey and Cable v. Insurance Co., supra. Appellant urges, however, that so long as the assignment from the Lake Shore Company to appellee of the former's right of action against appellant and its associates is outstanding, it will constitute a well-founded source of anticipated danger to all of appellant's associates in the as-

serted violation of appellee's rights, whose direct relations to appellant have already been stated. Counsel frankly state that:

"A careful examination of the authorities has failed to disclose any case similar in its facts to the case at bar, and to that extent this application is novel."

[8] We agree with counsel to this extent, but we do not agree that the right invoked is supported by recognized equitable principles. It is to be noted that throughout this contention appellant, in various forms of expression, lays undue stress upon the proposition that appellee has had his day in court, and that his rights have been conclusively adjudicated against him—a proposition as to which we need add nothing to what has already been said. It is the general rule that, in order to make the fear of multiplicity of suits a ground for interposition of a court of equity, more than one suit must have been commenced (or at least about to be begun), and the court should not interfere unless it is clearly necessary to protect from continued and vexatious litigation. Boise Water Co. v. Boise City, 213 U. S. 276, 285–287, 29 Sup. Ct. 426, 53 L. Ed. 796.

It is enough to say that, in the present juncture, the rights of appellant's associates, and the danger that such rights will be wrongfully invaded, do not appear such as to demand for their protection the cancellation of the assignment in question. We think it will be time enough to consider their rights when, if ever, the New York judgment becomes a final adjudication against appellant, and when, if ever, that judgment shall be held, in the pending suit at law in the court below, to be an adjudication against appellee's rights asserted therein, or when, if ever, new circumstances may arise requiring the cancellation of the assignment for the protection of innocent parties.

The decree of the District Court is accordingly affirmed with costs, but without prejudice to the future filing of new bill in equity in case it shall be justified by the contingencies just referred to.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes