## WALZ et al. v. AGRICULTURAL INS. CO. OF WATERTOWN, N. Y.

(District Court, E. D. Michigan, S. D. July 21, 1922.)

No. 6678.

1. **Judgment ⬅675(1)—When persons, not parties, contributing to defense are concluded.**

While one who, for his own interest, joins in the defense of a suit to which he is not a party of record, with the knowledge of the adverse party, is concluded by the judgment therein, his mere contribution to the cost of the defense, without any right to participate in the conduct or control of such defense, is not sufficient to make him a privy or render the judgment binding on him.

2. **Judgment ⬅580, 581—Pendency of proceedings for reversal does not affect bar; reversed judgment not bar.**

While the mere pendency of proceedings to review a judgment does not affect its admissibility or effect as the basis of an estoppel claimed in a later suit, its subsequent vacation by the court rendering it, or its reversal by an appellate court, would render it nugatory, and subject any other judgment based thereon to similar vacation or reversal.

3. **Jury ⬅12(5)—Issues of fact raised by plea of res judicata triable by jury.**

The defense of res judicata, based on the claim that defendant, while not a party of record, contributed to the defense of the action in which the prior judgment was rendered, raises issues of fact on which defendant is entitled to a trial by jury.

At Law. Action by William L. Walz and another against the Agricultural Insurance Company of Watertown, N. Y. On motion by plaintiffs for summary judgment. Denied.

Cavanaugh & Burke, of Ann Arbor, Mich., and James O. Murfin, of Detroit, Mich., for plaintiffs.

Henry C. Walters, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is an action, commenced in one of the Michigan state courts and properly removed to this court, to recover upon a certain fire insurance policy. Both of the plaintiffs are citizens of Michigan and residents of this district, the defendant is a citizen and resident of the state of New York, and the value of the matter in controversy exceeds the jurisdictional amount. The cause is at issue upon declaration and plea of the general issue with notice of several special defenses.

The matter is now before the court upon a motion filed by plaintiffs, in which they "move the court to forthwith enter a summary judgment" for an amount named therein, with interest thereon, "for the reason that the matters in controversy have already been litigated and adjudicated, and the defendant is estopped by reason of said adjudication from a further denial of liability in said cause." It is alleged in the motion that the claimed right to summary judgment is based upon the files and records in this cause, upon the files and records in 38 other causes pending in this court, which, it is averred, "are all brought by the plaintiffs on the identical cause of action involved in this and other cases"; upon the files and records in 10 other

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cases alleged to have been recently adjudicated in the aforesaid state court; and upon an affidavit attached to said motion.

The affidavit just mentioned recites that the affiant is an insurance adjuster, and as such has been primarily in charge of efforts to adjust the fire losses involved in the present cause; that "after the fire giving rise to this lawsuit over 50 of the said companies declined to appraise the loss, and over 50 lawsuits were started (in the said state court) against various corporations, arising out of the same cause of action"; that, wherever legally possible, such suits, including the present one, have been removed to this court; that "the motions for bills of particulars and for more specific bills of particulars have been made in identical form in all of these cases; that all of the cases are defended by the same attorneys of record; that the defense in all of these cases, as shown by the plea and notice attached thereto is absolutely identical"; that "deponent is informed and believes that the expense incident to the defense of these cases for witnesses, investigations, experts, and attorneys, is being borne by virtue of assessments made upon these various companies pro rata to the amount of insurance they have carried on the property in question"; that "the plaintiffs have been informed from the time these suits were commenced of the condition above described concerning the handling of the defenses to the cases." The foregoing are all of the allegations in said affidavit, which is the only affidavit or other showing presented in support of said motion.

The one counter affidavit filed on behalf of defendant is that of Henry C. Walters, the attorney of record for the defendant, who states therein that while he is such attorney of record he accepted retainers from, and entered the appearances of, all of the defendants in the causes referred to in the aforesaid motion, being actions severally brought against them by the plaintiffs herein, now pending in this court and in the state court already referred to, under an arrangement requiring him to, at all times, conduct defenses to the said actions, under the direction of a certain firm of Chicago attorneys with respect to 10 of said causes and under the direction of another Chicago attorney with respect to the remainder of said causes; that "he has conducted the said defenses, in so far as the said actions have progressed, under the direction of the aforenamed Chicago counsel, respectively"; that he is informed and believes and therefore states that one of said counsel expected to attend and take part in the trials of the causes recently disposed of in the state court, but was prevented from so doing by court engagements and by illness; that motions for new trials (copies of both of which motions are attached to the affidavit) have been filed by the defendants in the two cases in the state court the judgments in which are claimed by the plaintiffs herein to establish the estoppel asserted against the defendant in the present action; that "the said motions have both been filed by direction of the defendants, respectively, and are being prosecuted in good faith"; that "if the said motions, or either of them, be denied, writs of error or a writ of error, as the case may be, will be sued out by the said defendants, or defendant, in the Supreme Court of the state

of Michigan and prosecuted to a conclusion"; and that "it is the belief of deponent that, if new trials are not granted, the judgments entered in the said circuit court for the county of Washtenaw will be reversed on appeal to the said Supreme Court because of errors committed during the trials thereof." These comprise all of the allegations in the said affidavit. The motions for new trials just referred to show that one of them is based upon 38, and the other upon 13, separate grounds, all of which appear to be of a substantial, rather than frivolous, character.

[1] It is urged by plaintiffs that the defendant in the present case and (like the defendants in the other cases arising out of the one fire involved) is conclusively bound by the verdict and the judgment thereon in the first of such cases already tried (that of the present plaintiffs against the Peninsular Fire Insurance Company in the state court), because, as is alleged by plaintiffs, this defendant joined in the defense of that previous case, involving the same questions as are involved herein, and thereby became a privy to the defendant therein, and that therefore that judgment is res adjudicata in the present action, and the defendant here is estopped from again litigating the questions decided in that case. In support of this contention, plaintiffs rely on the decision of the Circuit Court of Appeals for this circuit in the case of Greenwich Insurance Co. v. N. & M. Friedman, 142 Fed. 944, 74 C. C. A. 114 (certiorari denied, 200 U. S. 621, 26 Sup. Ct. 758, 50 L. Ed. 624), where the court applied to the facts there presented the rule, quoted by it from one of its previous decisions, that—

"One who, for his own interest, joins in the defense of a suit to which he is not a party of record, is as much concluded by the judgment as if he had been a party thereto, provided his conduct in that respect was open and avowed or otherwise well known to the opposite party."

The rule thus stated is well settled. Lane v. Welds, 99 Fed. 286, 39 C. C. A. 528 (C. C. A. 6); Penfield v. Potts, 126 Fed. 475, 61 C. C. A. 371 (C. C. A. 6); Galion Iron Works Co. v. Ohio Corrugated Culvert Co., 244 Fed. 427, 157 C. C. A. 53 (C. C. A. 6); General Film Co. v. Sampliner, 252 Fed. 443, 164 C. C. A. 367 (C. C. A. 6).

It is, however, equally well settled that the mere contribution by the defendant in an action to the expense of the defense of a previous action in which it was not a party, without any right to participate in the conduct or control of such defense, is not such a joinder therein as will make such defendant a privy to the defendant in said former action or will bind it by the judgment therein. Litchfield v. Goodnow, 123 U. S. 549, 8 Sup. Ct. 210, 31 L. Ed. 199; Rumford Chemical Works v. Hygienic Chemical Co., 215 U. S. 156, 30 Sup. Ct. 45, 54 L. Ed. 137; Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 32 Sup. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; Hauke v. Cooper, 108 Fed. 922, 48 C. C. A. 144 (C. C. A. 5); General Electric Co. v. Morgan-Gardner Electric Co., 168 Fed. 52, 93 C. C. A. 474 (C. C. A. 7); Helm v. Zarecor (D. C.) 213 Fed. 648; Fish v. Vanderlip, 218 N. Y. 29, 112 N. E. 425, Ann. Cas. 1916E, 150, 154, note. It is earnestly contended by the defendant that its

only co-operative connection with the defendant in the previous action mentioned, on which plaintiffs seek to invoke the doctrine of estoppel by former adjudication, is its contribution to the expense of the defense of that action, including the fees of the same counsel employed by it in the case at bar, and that it is not bound by the former judgment.

[2] These conflicting claims of the parties raise contested issues of fact, which must be tried and determined at the proper time and in the proper manner. While the mere pendency of proceedings to review the former judgment would not affect the admissibility or effect of the latter as the basis of the estoppel claimed (Ballard v. Searls, 130 U. S. 50, 9 Sup. Ct. 418; 32 L. Ed. 846; Straus v. American Publishers' Association, 201 Fed. 306, 119 C. C. A. 544 [C. C. A. 2]), yet its subsequent vacation by the court rendering it, or its reversal by an appellate court, would render it nugatory and valueless for the purpose now under consideration, and would subject any other judgment based thereon to similar vacation or reversal (Ballard v. Searls, supra; Butler v. Eaton, 141 U. S. 240, 11 Sup. Ct. 985, 35 L. Ed. 713; Ransom v. Pierre, 101 Fed. 665, 41 C. C. A. 585 [C. C. A. 8]; Eastern Building & Loan Association v. Welling [C. C.] 103 Fed. 352; Hennessy v. Tacoma Smelting & Refining Co., 129 Fed. 40, 64 C. C. A. 54 [C. C. A. 9]). Unless, therefore, the question as to the effect of this former judgment upon the present case is now properly before this court on the pending motion, the postponement of a decision thereon until a final disposition of such judgment would seem to be proper and to the best interests of all parties interested.

[3] The Seventh Amendment to the federal Constitution provides that—

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

Section 566 of the United States Revised Statutes (U. S. Comp. St. § 1583) provides that—

"The trial of issues of fact in the District Courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, shall be by jury."

It is clear that the questions raised by this motion and the affidavits in support thereof and in opposition thereto involve the trial of issues of fact, that the matter is otherwise within the terms of the constitutional and statutory provisions just quoted, and that defendant is entitled to the right, which it expressly and vigorously claims, to the trial of such issues by a jury. Hodges v. Easton, 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169; Baylis v. Travelers' Insurance Co., 113 U. S. 316, 5 Sup. Ct. 494, 28 L. Ed. 989; Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029; Young v. Central Railroad Co., 232 U. S. 602, 34 Sup. Ct. 451, 58 L. Ed. 750; Hollister v. United States, 145 Fed. 773, 76 C. C. A. 337 (C. C. A. 8); Lillie v. Dennert, 232

Fed. 104, 146 C. C. A. 296 (C. C. A. 6); Pellerin v. International Cotton Mills, 248 Fed. 242, 160 C. C. A. 320 (C. C. A. 1).

Whether a special issue should be framed upon the pending motion and answer thereto, or upon amended or supplemental pleadings, or otherwise before a jury specially impaneled for that purpose, or whether such issues should be disposed of by special questions to the jury on the trial of the whole case, are questions which have not been argued by counsel and are matters of practice to be hereafter determined. I can discover no reason, and can think of none, why the course just first suggested should not be followed, and, in the absence of a sufficient showing to the contrary, that procedure will be pursued.

An order will be entered, dismissing the motion, without prejudice to the renewal thereof, or to the filing by either party of such amended or supplemental motions or pleadings as they may desire.