## ZOLLA v. GRAND RAPIDS STORE EQUIP-MENT CORPORATION.

District Court, S. D. New York.

Dec. 2, 1930.

See, also, 46 F.(2d) 319.

Aaron Sapiro, Stanley Arndt, and Harry Starr, all of New York City, for plaintiff.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (Clinton Van Siclen and Gerald B. O'Neill, both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The defendant has moved to dismiss a bill of discovery brought by the plaintiff in aid of an action at law pending in this court. It appears that the plaintiff has sued the defendant 'at law, alleging that by virtue of a written contract the defendant's predecessor agreed to pay him 5 per cent. of all moneys received by it as compensation for work done for certain chain stores, and that the defendant and its predecessor have taken in upwards of $3,330,000 for such work. The usual allegations appear as to due performance by the plaintiff, as to nonpayment by the defendant, except for certain sums paid by the predecessor company, and as to assumption by the defendant of the predecessor's contracts and obligations. Issue has been joined in that action.

The plaintiff has now filed a bill of discovery, the sufficiency of which is assailed by the present motion. The bill, after describing the action at law and referring to copies of the pleadings, states that the plaintiff delivered his duplicate original of the contract to one of the officers of the predecessor company, for the temporary use of the company, and has never been able to recover it. The bill also states that certain intercompany letters in the defendant's possession refer to the contract, and that payments made to the plaintiff by the predecessor under the contract are evidenced by records in the defendant's possession. It further sets forth that the defendant, while admitting that work was done for the chain stores and that the money received for such work is shown by its books, has declined to enlighten the plaintiff as to the amounts. The bill also alleges that information as to these matters is indispensable to the plaintiff in the prosecution of his law action, and that he cannot safely proceed without a full discovery in advance of the trial. The bill closes with some twenty interrogatories, inquiring as to the contract, letters, records, payments to the plaintiff,

and work done for and payments received from the chain stores, and also demanding the inspection of the contract, letters, checks, and book entries.

The motion to dismiss must have been made under Rule 29, although the notice of motion does not refer specifically to that rule or to any other. The notice is supported by affidavit of one of the defendant's attorneys, setting forth facts in disparagement of the plaintiff's case and tending to show want of merit in the action at law. I take it, however, that the motion must be decided upon the allegations of the bill alone. For present purposes the plaintiff's story of intrusting his copy of the contract to the defendant's predecessor, whether probable or not, must be taken as true, and likewise the other allegations in the bill are to be taken as true.

The defendant asserts that bills of discovery are obsolete. It is true that the statutes permitting parties to testify in court and requiring the production of books and writings at the trial have made such bills unnecessary in most cases where they were formerly availed of, but there can be no doubt that the procedure by bill of discovery, in aid of an action at law, still survives in the United States courts. Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842; General Film Co. v. Sampliner (C. C. A.) 232 F. 95. The present status of a bill of discovery is sketched by Judge Learned Hand in Pressed Steel Car Co. v. Union Pacific R. Co. (D. C.) 240 F. 135, and need not be repeated here. The bill will not be entertained where the legal remedies are adequate, but the face of the bill in this case does not show any adequacy of the legal remedies. The defendant mentions section 724 of the Revised Statutes (28 USCA § 636), allowing a party to move for production of documents by his adversary at the trial, and urges that this is a full and complete legal remedy available to the plaintiff in his action at law. This argument is true in the ordinary case. But this case is out of the ordinary, in that, according to plaintiff's account which must be taken as the fact, his copy of the contract sued upon has been wrongfully withheld from him by the defendant and its predecessor. Under the circumstances the plaintiff's insistence upon being allowed to inspect the contract prior to the trial is reasonable. The defendant also refers to section 863 and following (28 USCA § 639 and following) as furnishing an adequate remedy by depositions de bene esse of the defendant's officers. The answer is that it does not appear in the bill that the officers reside more than one hundred miles from the place of trial, so that it cannot be said that depositions de bene esse could be taken. I conclude that the bill is sufficient on its face, at least in so far as the interrogatories directly concerning the contract and the inspection of the contract are concerned. The motion to dismiss will therefore be denied. Several objections are leveled at the interrogatories. Perhaps some of the interrogatories go too far in requiring the defendant to state mere evidence. But the propriety of the interrogatories will not be considered upon motion to dismiss. The defendant's course is to press its objections by motion directed against such interrogatories which it may deem objectionable. Pressed Steel Car Co. v. Union Pacific R. Co. (D. C.) 241 F. 964.