**DIFFIE et al. v. H. F. WILCOX OIL & GAS CO.**

**Civ. No. 1197.**

District Court, W. D. Oklahoma.

Feb. 9, 1944.

G. Earl Shaffer, of Tulsa, Okl., and Everest, McKenzie & Gibbens of Oklahoma City, Okl., for plaintiff.

Horace B. Clay, of Tulsa, Okl., for defendant.

VAUGHT, District Judge.

The plaintiffs seek an accounting of the production from an oil and gas well, known as the Terminal Oil Mill Well No. 1 (hereinafter referred to as the Terminal Well), in which they were interested with the defendant.

The complaint alleges that the Terminal Well, from the time of its completion until it was abandoned, produced large quantities of oil, in excess of 700,000 barrels; that the defendant has accounted to them for 448,548.02 barrels of oil, leaving in excess of 250,000 barrels for which the defendant has failed to account to the plaintiffs.

That the defendant, during the time the Terminal Well was being produced by it, drilled and produced oil from other wells in the same area and location, numbering approximately fifteen wells in all. That the defendant constructed a tank farm, connecting these wells and the Terminal Well by pipe line with said tank farm, and also constructed loading racks from which it sold oil. That the oil produced from the Terminal Well was commingled with oil from the other producing wells, of which fact they were not, and with due diligence could not, have been advised.

That the defendant kept separate books and records which were not accessible to the plaintiffs, and such records as were available to the plaintiffs did not show the

true production of the Terminal Well, and the plaintiffs were purposely deceived by reason thereof. That the plaintiffs did not discover the alleged deception until approximately fourteen months prior to filing the complaint. The complaint is duly verified.

The verified answer of the defendant alleges the Terminal Well was completed and went on production July 18, 1931, and was abandoned March 30, 1937; that the oil produced from said well was properly gauged, the entire production therefrom amounting to 448,548.02 barrels of oil, and was correctly and in good faith accounted for to the plaintiffs. That it is willing, at any time, to produce in court the books and records in connection with the oil and gas produced and purchased from said Terminal Well, or submit said books and records to the plaintiffs, or their representatives, for inspection at its office at Tulsa, Oklahoma, at any reasonable time.

The questions propounded by the plaintiffs, in their examination of defendant's officers and employees, indicate that the purpose of the plaintiffs was to have the defendant disclose information not only concerning the production and sales of oil from the well in which the plaintiffs have an interest, but also, the production and sales of oil from all the other wells owned by the defendant in this field, and to this end, the plaintiffs desire to examine the books and records having to do with all the wells of the defendant in this field.

A careful analysis of the allegations of the complaint and the statements of counsel in their answer brief leads to the conclusion that the plaintiffs are not in possession of evidence to support their allegations; that is, they have no evidence as to whether or not an excess of oil over the amount accounted for to them was actually produced from the Terminal Well, or whether the excess oil was produced therefrom and not properly gauged, or whether a separate set of books was kept showing such facts, and all such information withheld from the plaintiffs.

In order to determine whether or not their allegations have any basis of fact, the plaintiffs now desire permission to delve into the business transactions of the defendant concerning not only production of the Terminal Well, but all other business transactions of the defendant on fourteen or fifteen other wells, in the hope that they may be able to develop facts in support of their conclusions alleged.

It is thus apparent their suit is based upon speculation and not upon known facts. It partakes of the nature of a bill of discovery. The principle upon which such a bill rests is well expressed in General Film Company v. Sampliner, 6 Cir., 232 F. 95, 98, where the court said: "* * * It is the rule that in order to entitle a defendant in an action at law to a discovery of evidence in his adversary's possession it must appear that defendant has good ground for asserting the fact that the evidence will so disclose, and usually he is required to give the sources of his information. 'A discovery sought upon suspicion, surmise or vague guesses is called a "fishing bill," and will be dismissed.' Carpenter v. Winn, supra, 221 U. S. at page 540, 31 S.Ct. 683, 55 L.Ed. 842, and cases there cited. * * *"

There is nothing in the bill of complaint, aside from the conclusions of the pleader, that would justify the wide scope intended to be covered by the deposition. The deposition should be limited to the following items:

1. As to the records and transactions concerning the production and sales of Terminal Oil Mill Well No. 1.

2. As to any separate books and records showing the amount of oil produced from the Terminal Well and not accounted for to the plaintiffs, as alleged in paragraphs IX and X of the complaint.

3. As to any records or books of the defendant showing oil produced from the Terminal Well and run into the pipe line, or handled through the loading racks, that was not gauged and was commingled with oil produced from any other well, or wells, and that is unaccounted for to the plaintiffs.

A form of order consistent with this opinion may be submitted within ten days from this date.